*Donald J. McClain,* pro se, submitted a brief.

WILLIAM S. HABEREK *vs.* COMMONWEALTH. November 15, 1995. *Practice, Criminal,* Postconviction relief, Assistance of counsel.

William S. Haberek* (defendant) was convicted of murder in the first degree in 1985. See *Commonwealth* v. *Habarek,* 402 Mass. 105 (1988). In 1992, the defendant sought a release from custody and a new trial. He also sought an evidentiary hearing on his motion. The trial judge denied the motion without a hearing on the ground that the motion raised no "question which could not have been raised in the original appeal." The defendant sought leave to appeal from a single justice of this court. See G. L. c. 278, § 33E (1994 ed.). The defendant also sought remand to the Superior Court for an evidentiary hearing before another Superior Court judge (not the trial judge). The single justice denied the defendant's motions. The defendant appeals.

It was error for the trial judge to deny without a hearing the defendant's motion for a new trial and release from custody based on the defendant's claim of ineffective assistance of counsel. Because the same counsel was both the trial attorney and the appellate attorney, the ineffective assistance of counsel claim could not have been raised earlier. "Without expressing

---

*The court adopted the correct spelling of the defendant's surname, "Haberek," while noting the spelling, "Habarek," in the case reported at 402 Mass. 105 (1988). — REPORTER.

any view as to the merits of [the defendant's] claim of ineffective assistance of counsel, we are constrained to reverse the order denying the motion for a new trial and to remand the case to the Superior Court for consideration of the motion for new trial on its merits."[1] *Commonwealth* v. *Lanoue*, 400 Mass. 1007, 1008 (1987), *S.C.*, 409 Mass. 1 (1990). Because there must be a remand, all issues are open at the hearing on the motion for a new trial. The case is remanded to the county court where an appropriate order consistent with this opinion is to be entered.

*So ordered.*

The case was submitted on briefs.

*William S. Haberek*, pro se.

*William R. Freeman*, Assistant District Attorney, for the Commonwealth.

---

[1] The defendant's motion for assignment of the evidentiary hearing to a judge other than the trial judge is denied. The defendant's motion to investigate the Committee for Public Counsel Services (CPCS) and to refer CPCS's conduct to the Board of Bar Overseers is denied. The motion for discovery is for the Superior Court judge.

The record appendix does not conform to Mass. R.A.P. 9, 378 Mass. 935 (1979). We remind pro se litigants that they "are held to the same standards as practicing members of the bar." *Commonwealth* v. *Jackson*, 419 Mass. 716, 719 (1995). Failure to conform to appellate procedure may result in dismissal of the appeal.