COMMONWEALTH *vs.* JOHN A. SCOTT. June 26, 2002. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Capital case.

The defendant was convicted of murder in the first degree on the theory of felony-murder and unarmed robbery. We affirmed the murder conviction and ordered that the robbery conviction be vacated. *Commonwealth v. Scott,* 428 Mass. 362, 370 (1998). Thereafter the defendant filed a motion in the Superior Court seeking a new trial. See Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). The trial judge denied the motion. The defendant sought leave from a single justice of this court, pursuant to G. L. c. 278, § 33E, to appeal from that ruling. The single justice denied the request for leave to appeal, concluding that the defendant's motion did not present, in the words of § 33E, "a new and substantial question which ought to be determined by the full court." The defendant purports to appeal from the single justice's ruling.[1] The Commonwealth has filed a motion to dismiss the "appeal."

This appeal is not properly before us. The single justice's decision as a gatekeeper under G. L. c. 278, § 33E, was final and unreviewable. The defendant cannot appeal to the full court. *Napolitano v. Attorney Gen.,* 432 Mass. 240, 241 (2000). *Commonwealth v. Ambers,* 397 Mass. 705, 710-711 (1986). *Dickerson v. Attorney Gen.,* 396 Mass. 740, 742 (1986). The defendant's claim that he was deprived of the effective assistance of appellate counsel on his direct appeal ignores not only the nature of plenary review, see G. L. c. 278, § 33E, but also the single justice's determination as gatekeeper that the claim of ineffective assistance was not substantial. Nor is the defendant entitled to relief under G. L. c. 211, § 3. See *Leaster v. Commonwealth,* 385 Mass. 547, 549 (1982).

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert M. Xifaras* for the defendant.


---

[1]Following the single justice's ruling, the defendant filed in the county court a "request for leave for application for further appellate review," citing Mass. R. A. P. 27.1, as amended, 434 Mass. 1601 (2001), which we have treated as a notice of appeal. Rule 27.1 does not apply to the county court.