TYRONE WEAVER *vs.* COMMONWEALTH. October 16, 2002. *Practice, Criminal,* Postconviction relief, Capital case. *Supreme Judicial Court,* Superintendence of inferior courts. *Mandamus.*

Following a trial by jury in the Superior Court, the petitioner was convicted of murder in the first degree and another offense. We affirmed his convictions after review under G. L. c. 278, § 33E. *Commonwealth* v. *Weaver*, 395 Mass. 307 (1985). In 1987, the petitioner filed a pro se motion for a new trial in the Superior Court raising issues that, apart from a claim alleging ineffective assistance of trial counsel, the trial judge concluded either had been, or could have been, raised at trial and reviewed on appeal. Accordingly, in 1988, the trial judge filed a memorandum and order "refus[ing] to act" on the motion, except with respect to the petitioner's ineffective assistance of counsel claim, which he rejected. The petitioner contends that he did not receive notice of the disposition from the trial court. There is nothing in the record indicating that he has ever sought leave to appeal, pursuant to the gatekeeper provision of G. L. c. 278, § 33E, or requested reconsideration of the 1988 disposition from the trial court.

In 2000, nearly twelve years after the disposition, the petitioner inquired of the trial court as to the status of his motion for a new trial, and requested a copy of the relevant docket entries. After receiving a copy of a docket sheet, the petitioner filed a motion to vacate the 1988 disposition on the ground of lack of notice. The judge issued a memorandum of decision and order in 2001, stating that he "refuse[d] to act" on the motion. Again, the record does

not indicate that the petitioner either requested reconsideration or sought leave to appeal, pursuant to G. L. c. 278, § 33E, from that disposition. See *Mains* v. *Commonwealth*, 433 Mass. 30, 36-37 & n.10 (2000) (holding prospectively that "gatekeeper petition pursuant to G. L. c. 278, § 33E, must be filed within thirty days of the denial of a motion for a new trial").

Instead, the petitioner filed a petition in the nature of mandamus in the county court, seeking an order requiring a different judge to "properly rule" on (i.e., to either expressly allow or deny) the motion to vacate. He contended that he was entitled to notice from the trial court clerk's office of all dispositions in sufficient time to permit appeal of adverse rulings, and that the trial court's "refus[al] to act" on his motion to vacate the new trial motion disposition denied him the opportunity to appeal with respect to his substantive claim of ineffective assistance of counsel. A single justice of this court denied the petition without a hearing, and this appeal followed.

We review the decision of the single justice for the limited purpose of determining whether he committed an abuse of discretion or other error of law. *Hines, petitioner*, 432 Mass. 1004 (2000). Mandamus relief, as was sought here, is "extraordinary and may be granted only to prevent a failure of justice in instances where there is no alternative remedy." *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991), and cases cited. That there were alternatives in this case is clear. The judge's order, in the circumstances, clearly was intended to be a final order. The petitioner could have sought leave to appeal from the single justice, pursuant to G. L. c. 278, § 33E (after rescript from this court, an appeal from a "decision of [the superior] court" will lie only if allowed by the single justice of this court). See *Commonwealth* v. *Azar*, 435 Mass. 675, 676 & n.1 (2002) (treating trial judge's order declining to act on new trial motion as effective denial of the motion and, therefore, as an appealable order); *Commonwealth* v. *Perry*, 424 Mass. 1019 (1997) (treating trial court's "refus[al] to act" on defendant's fourth motion for a new trial as denial of the motion).

The petitioner's attempt to change the object of his appeal — before the full court, he requests that we vacate the trial court's 1988 disposition on the ground that it did not expressly allow or deny the new trial motion or, alternatively, order that the trial court furnish him a copy of that disposition — is unavailing. These requests were not before the single justice, and are beyond the scope of this appeal. *Harvey* v. *Harvey*, 424 Mass. 1009, 1010 (1997).

The single justice neither abused his discretion nor committed other clear error of law in denying the relief requested. *Miranda* v. *Commonwealth*, 392 Mass. 420, 421-422 (1984).

*Judgment affirmed.*

The case was submitted on briefs.

*Keri Dee Rudolph*, Assistant District Attorney, for the Commonwealth.

*Tyrone Weaver*, pro se.