*Mahendra Kumar Sagar*, pro se.

COMMONWEALTH *vs.* LAZELL COOK. November 21, 2006. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Dismissal of appeal.

Lazell Cook was convicted of felony-murder (two indictments) and unarmed robbery (on an indictment charging armed robbery). We affirmed those convictions, although we noted that so much of the indictment charging armed robbery should have been dismissed because the Commonwealth had "introduced no evidence adequate to show that the defendant knew that [his joint venturer] was armed." *Commonwealth* v. *Cook*, 419 Mass. 192, 205 (1994). Cook subsequently moved for a new trial. That motion was denied and Cook then applied to a single justice of this court for leave to appeal from the denial, pursuant to G. L. c. 278, § 33E. The single justice denied the application on the ground that it presented no "new and substantial question" warranting leave to appeal. Cook has appealed from the single justice's ruling. The Commonwealth has moved to dismiss Cook's appeal.

In support of his appeal, Cook relies on *Haberek* v. *Commonwealth*, 421 Mass. 1005 (1995), a case in which, without explanation, the court entertained an appeal following the denial of a gatekeeper petition. There, as here, the defendant was represented by the same counsel at trial and on appeal and argued that he could not, therefore, have previously raised his ineffective assistance claim. *Id.* We decline to follow the *Haberek* case. The single justice in this case considered Cook's claims "[c]oncerning the issues underlying

---

[the] claims of ineffective assistance of . . . counsel," and determined that "the proposed appeal of those issues lacks merit and fails to present a 'new and substantial question' warranting leave to appeal" and that "[a]s such, [Cook] cannot prevail on his claims of ineffective assistance of trial counsel predicated on those underlying legal issues." That decision, pursuant to G. L. c. 278, § 33E, is final and unreviewable. *Commonwealth* v. *Scott*, 437 Mass. 1008 (2002). *Commonwealth* v. *Ambers*, 397 Mass. 705, 710-711 (1986).

Cook's assertion that he could not have previously raised his ineffective assistance of counsel claim, see *Commonwealth* v. *Egardo*, 426 Mass. 48, 49-50 (1997), "ignores not only the nature of plenary review, see G. L. c. 278, § 33E, but also the single justice's determination as gatekeeper that the claim of ineffective assistance was not substantial." *Commonwealth* v. *Herbert*, 445 Mass. 1018, 1018-1019 (2005), quoting *Commonwealth* v. *Scott*, *supra*. Cook cannot appeal to the full court.

*Appeal dismissed.*

The case was submitted on briefs.

*Marguerite T. Grant*, Assistant District Attorney, for the Commonwealth.

*Donald A. Harwood* for the defendant.