Commonwealth vs. George Nassar. February 15, 2008. *Practice, Criminal,* New trial.

George Nassar appeals from the denials, by a single justice of this court, of his motion to reopen proceedings on his motion for leave to appeal from the denial of his postconviction motion for a new trial, and of his motion for reconsideration. We affirm the judgment.

In 1967, Nassar was convicted of murder in the first degree. This court affirmed the conviction after plenary review. *Commonwealth* v. *Nassar,* 354 Mass. 249 (1968), cert. denied, 393 U.S. 1039 (1969). In 1982, Nassar filed a pro se motion for a new trial, which was denied by a judge in the Superior Court. He filed in the county court a one-sentence "motion for leave to appeal," which indicated that Nassar intended to appeal but did not state any grounds for doing so or identify any "new and substantial question" warrant-

---

[1]Also known as Rosalee A. Virusso.

ing this court's attention. G. L. c. 278, § 33E (gatekeeper provision). He also requested appointment of counsel, but no counsel was appointed at that time. On November 1, 1983, there having been no activity in the case for over six months, the county court issued a notice that the matter would be dismissed unless good cause was shown not to do so. Nassar did not respond, and so the matter was dismissed on November 22, 1983.

There was no further activity for over twenty years, until 2006, when Nassar filed his motion to reopen the proceedings.[1] The single justice did not err or abuse his discretion by denying that motion or the subsequent motion for reconsideration. Nassar claimed in his motion that he was unable, in 1983, to show good cause not to dismiss the matter because at that time, he was incarcerated in the Federal prison in Leavenworth, Kansas, without access to Massachusetts legal materials.[2] However, he was returned to Massachusetts in December, 1983,[3] but did not seek to reopen the matter or inquire as to its status at that time, or at any time thereafter for over twenty years. We perceive no error or abuse of discretion in declining to reopen the proceedings after such a long period of inaction.

*Judgment affirmed.*

*Claudia Leis Bolgen* for the defendant.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.

---

[1]Also in 2006, Nassar filed a second motion for a new trial in the Superior Court. That motion is still pending.

[2]Nassar also claims, for the first time on appeal, that he did not receive the 1983 notice that the matter was to be dismissed. That claim, which is inconsistent with the arguments presented to the single justice, is not properly before us. In any event, even if he did not receive the notice, he did nothing for over twenty years to pursue his proposed appeal or to inquire as to the status of his motion. In these circumstances, Nassar was not entitled to have the proceedings reopened.

[3]Nassar and other inmates successfully challenged their transfer to the Federal prison system in a civil action commenced in 1981. See *Blake* v. *Commissioner of Correction,* 390 Mass. 537 (1983), *S.C.,* 403 Mass. 764 (1989).