COMMONWEALTH *vs.* GEORGE H. NASSAR. June 18, 2009. *Practice, Criminal,* Appeal, Capital case.

George Nassar was convicted of murder in the first degree, and this court affirmed the conviction after plenary review. *Commonwealth* v. *Nassar,* 354 Mass. 249 (1968), cert. denied, 393 U.S. 1039 (1969). In 1982, Nassar filed a

motion for a new trial, which was denied by a judge in the Superior Court (1982 denial). Nassar sought leave to appeal pursuant to the gatekeeper provision of G. L. c. 278, § 33E. The county court dismissed the matter for lack of prosecution in 1983, and we recently affirmed the denial of Nassar's request, filed in 2006, to reopen the proceedings, as there had been no activity in the matter for over twenty years. *Commonwealth* v. *Nassar*, 450 Mass. 1031, 1032 (2008). Nassar thereafter filed a new gatekeeper petition, seeking leave to take an appeal from the 1982 denial, along with a motion to accept the petition as timely filed. A single justice of this court denied both the petition and the motion, ruling that the petition was untimely and that our 2008 decision in *Commonwealth* v. *Nassar*, *supra*, barred the petition under res judicata principles. Nassar appeals.[1]

The Commonwealth has moved to dismiss the appeal. As we have said many times, "the decision of the single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is 'final and unreviewable.' " *Commonwealth* v. *Herbert*, 445 Mass. 1018, 1018 (2005), quoting *Commonwealth* v. *Perez*, 442 Mass. 1019, 1019 (2004). This rule would bar Nassar's appeal in any event, but it applies with particular force in this case, where Nassar is seeking for the second time to appeal from a decision that is more than twenty-five years old.

Nassar's arguments to the contrary are without merit. First, he argues that his motion to accept the petition as timely filed was an ancillary motion of the type discussed in *Parker* v. *Commonwealth*, 448 Mass. 1021, 1022-1023 (2007), and *Fuller* v. *Commonwealth*, 419 Mass. 1002, 1003 (1994). We disagree. In each of those cases, we permitted the petitioner to appeal from certain ancillary motions that "were intended to enhance the likelihood that a single justice of this court, acting as gatekeeper, would allow [the petitioner] to appeal from the denial . . . of his . . . motion for a new trial." *Id.* A single justice can allow such an appeal to proceed only "on the ground that it presents a new and substantial question which ought to be determined by the full court." G. L. c. 278, § 33E. The relief sought in the ancillary motions in the *Fuller* and *Parker* cases, particularly the petitioners' requests for appointment of counsel, could have helped the petitioners convince the single justice that a "new and substantial question" existed. Nassar, in contrast, sought only to have his simultaneous gatekeeper petition considered as though it were timely filed. Even if this relief had been granted, it would not have helped Nassar make the required showing.

Second, Nassar argues that because the single justice denied his gatekeeper petition without expressly reaching the issue whether it presented a new and substantial question, the appeal should be permitted to proceed. We disagree. While untimeliness and the absence of a new and substantial question are "separate and independent grounds" for the denial of a gatekeeper petition, *Commonwealth* v. *Robles*, 445 Mass. 1022, 1022 (2005); *Commonwealth* v. *Herbert*, *supra*, the single justice's decision to deny Nassar's request for leave to appeal in the circumstances of this case is final and unreviewable regardless of the ground.[2]

*Appeal dismissed.*

---

[1]Nassar also filed a second motion for a new trial in the Superior Court. See *Commonwealth* v. *Nassar*, 450 Mass. 1031, 1032 n.1 (2008). It appears from court records that the second motion was denied. The denial of the second motion is not before us.

[2]There may be some circumstances where the full court would consider whether a

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Claudia Leis Bolgen* for the defendant.

*Kenneth E. Steinfield*, Assistant District Attorney, for the Commonwealth.

---

single justice erred by denying a gatekeeper petition on procedural grounds. Nassar is in no position to argue that the single justice erred here. Nassar's gatekeeper petition was filed more than twenty-five years after the 1982 denial, more than seven years after we announced, albeit prospectively, that a gatekeeper petition must be filed within thirty days of the denial of the motion for a new trial, *Mains* v. *Commonwealth*, 433 Mass. 30, 36-37 n.10 (2000), and six months after we affirmed the denial of Nassar's motion to reopen proceedings on his earlier dismissed petition (which sought leave to appeal from the same 1982 denial). Manifestly, Nassar did not file the instant gatekeeper petition within a reasonable time. Moreover, we perceive no substantive difference between reopening a long-dismissed proceeding, as Nassar previously attempted to do, and filing a new petition challenging the same underlying order after more than twenty years of inaction.

