# United States Court of Appeals
## For the First Circuit

No. 11-1888

ROGER HERBERT,

Petitioner, Appellant,

v.

THOMAS DICKHAUT,
Superintendent of Souza Baranowski Correctional Center,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Jay Markell for appellant.
Eva M. Badway, Assistant Attorney General, with whom Martha
Coakley, Attorney General, was on brief, for appellee.

September 19, 2012

**LIPEZ, Circuit Judge.** This appeal requires us to determine whether a petition for habeas corpus was timely filed within the one-year limitations period provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d)(1). The district court found that the petitioner, Roger Herbert, filed his petition within the one-year window because the running of the limitations period was tolled by proceedings in Massachusetts state court. However, the court rejected the petition on its merits. Herbert appealed, and we affirm the district court's judgment, albeit on different grounds. For the reasons described below, we find Herbert's petition barred by AEDPA's one-year limitations period.

## I.

In 1991, a Massachusetts jury convicted Herbert of armed robbery and first-degree felony murder.[1] Herbert appealed, and his conviction was affirmed on November 9, 1995, by the Massachusetts Supreme Judicial Court ("SJC"). Commonwealth v. Herbert, 656 N.E.2d 899 (Mass. 1995). He did not appeal to the United States Supreme Court. On February 6, 1996, the ninety-day period for filing a petition for certiorari expired and Herbert's conviction became final. See Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004).

---

[1] An appendix setting forth all of the relevant dates follows this opinion.

On December 17, 1996, Herbert mailed motions for a new trial and appointment of counsel to the Suffolk County Superior Court. The motion for appointment of counsel was docketed on December 19, 1996, but, for some undetermined reason, the motion for a new trial was never docketed.[2] The court took no action on either motion. Six years later, Herbert filed renewed motions for a new trial and appointment of counsel, both of which were docketed on December 19, 2002. The court denied both motions on November 20, 2003.

On February 10, 2004, pursuant to Massachusetts law, Herbert sought permission from a single "gatekeeper" justice of the SJC to appeal the Superior Court's judgment denying the motion for a new trial to the full SJC. See Mass. Gen. Laws ch. 278, § 33E.[3] On July 15, 2004, the gatekeeper justice denied Herbert's request to appeal. Herbert then filed a motion asking the gatekeeper justice to reconsider; the justice declined to do so, denying the motion on August 4, 2004. Finally, on September 3, 2004, Herbert sought to appeal the gatekeeper's decision to the full SJC, which

---

[2] Although the motion for a new trial was never received or docketed, the district court found after an evidentiary hearing that there was ample evidence that it was mailed on December 17, 1996. Appellee does not challenge this factual finding on appeal.

[3] Section 33E provides that, in the case of motions for a new trial filed with the Superior Court in capital cases, "no appeal [to the full SJC] shall lie . . . unless the appeal is allowed by a single justice . . . on the ground that it presents a new and substantial question which ought to be determined by the full court."

dismissed his appeal on December 12, 2005. Commonwealth v. Herbert, 838 N.E.2d 1236 (Mass. 2005).

On January 5, 2006, Herbert filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with the United States District Court for the District of Massachusetts. He raised numerous issues, but the court found that only two were preserved: first, an argument that the trial court erred in admitting a confession that he alleged was involuntary, and, second, an argument that the jury selection process was racially biased. In a written decision on respondent's motion to dismiss, the district court determined that the petition was timely filed, explaining that the one-year limitations period was tolled by Herbert's original motion for a new trial, his subsequent section 33E request to the gatekeeper justice, and his final appeal to the full SJC. Herbert v. Dickhaut, 724 F. Supp. 2d 132, 138-41 (D. Mass. 2010). However, in a later decision, the court denied the petition on its merits, finding that any error was insufficient to justify granting Herbert's habeas petition. Herbert v. Dickhaut, No. 06-10036, 2011 WL 3021770, at *12, *14 (D. Mass. July 21, 2011). Acting on a certificate of appealability granted by the district court as to both preserved issues, Herbert now appeals.

## II.

AEDPA provides a one-year limitations period for petitions seeking federal review of state convictions alleged to

-4-

violate the Constitution or federal law. 28 U.S.C. § 2244(d)(1). The statute identifies several triggering events for the one-year period, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, we have held that "for causes of action accruing before the effective date of AEDPA[, April 24, 1996], there is a one year grace period running from that date in which to file a [petition]." Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).

This one-year limitations period is tolled in "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). "[A] state's procedural rules control whether an application for state post-conviction relief is pending under § 2244(d)(2)." Drew v. MacEachern, 620 F.3d 16, 21 (1st Cir. 2010) (citing Carey v. Saffold, 536 U.S. 214, 220 (2002)). Thus, "an application for [state] post-conviction relief is pending from the time it is first filed until [the time it is] finally disposed of and further appellate review is unavailable under the particular state's procedures." Id. (alterations in original) (quoting Currie v. Matesanz, 281 F.3d 261, 263 (1st Cir. 2002))(internal quotation marks omitted)).

In Massachusetts, a "gatekeeper" justice's decision pursuant to section 33E, "whether it is to permit or prohibit an appeal, is final and unreviewable." Commonwealth v. Smith, 951 N.E.2d 322, 328 (Mass. 2011). Thus, in Massachusetts, the denial of a section 33E motion marks the end of the pendency of an application for post-conviction relief. See Drew, 620 F.3d at 21.

**III.**

**A. Waiver**

We are initially confronted with Herbert's argument that respondent waived his limitations defense by failing to appeal or cross-appeal the district court's determination that the petition was timely filed.[4] This argument is meritless. Respondent could not have appealed the district court's decision on its limitations argument, rendered prior to its decision on the merits. As we have explained, a limitations period defense "cannot be pursued by interlocutory appeal." Rivera-Ramos v. Roman, 156 F.3d 276, 282 (1st Cir. 1998); see also Pedraza v. Shell Oil Co., 942 F.2d 48, 54-55 (1st Cir. 1991) (noting that there is no exception to the final judgment rule for an order rejecting a dispositive motion arguing that a claim is time-barred). Furthermore, having succeeded in obtaining a dismissal of Herbert's petition on the

---

[4] Herbert is inconsistent in characterizing this argument as one of waiver or forfeiture. However, insofar as he argues that respondent is not entitled to raise a limitations defense, he makes a waiver argument and we analyze it as such.

merits, respondent could not cross-appeal the district court's finding that the petition was timely.  A cross-appeal is "improper" where "the district court granted all of the relief that respondents requested -- i.e., dismissal of [appellee's] petition with prejudice."  Neverson, 366 F.3d at 39.

There can be no waiver where a party lacked an opportunity to raise an argument.  Since the waiver argument fails, we turn to the Commonwealth's next argument, which is that the district court erred when it held the petition was timely. The Commonwealth did not argue this to the district court, but has on appeal and we may affirm on any ground made manifest in the record. Id.

## B.  The Limitations Period

The district court found that Herbert's petition was timely because the limitations period was tolled by his attempts to seek state post-conviction relief.  In particular, it found that the period was tolled by: 1) the mailing of Herbert's motion for a new trial on December 17, 1996; 2) the filing of a section 33E petition with a gatekeeper justice on February 10, 2004; and 3) Herbert's attempt to appeal the gatekeeper's denial to the full SJC.  In so finding, the court acknowledged that the last of these three periods was particularly problematic.  We turn to that period, and the question of whether the limitations period was properly tolled after July 15, 2004, the date when the gatekeeper

justice denied Herbert leave to appeal to the full SJC. The court found that this time was tolled because its reading of the SJC's precedents suggested that there was a chance that the full SJC would find that Herbert's appeal fit into a narrow exception to the Massachusetts rule that a single justice's denial of a petition for leave to appeal is final and unreviewable.

The district court relied on the SJC's decision in Haberek v. Commonwealth, 657 N.E.2d 228 (Mass. 1995), to determine that the full SJC may have been willing to consider Herbert's appeal. In that case, as here, the appellant sought to appeal his conviction to the full SJC despite the fact that a gatekeeper justice had denied his section 33E petition for leave to appeal. He raised an issue that Herbert raised in his state-court appeal and in his § 2254 petition -- the fact that "the same counsel was both the trial attorney and the appellate attorney, [therefore] the ineffective assistance of counsel claim could not have been raised earlier." Id. at 229. The full SJC heard the appeal and concluded that, in light of the appellant's ineffective assistance claim, "[i]t was error for the trial judge to deny without a hearing the defendant's motion for a new trial." Id. In reaching the merits of the motion for a new trial, the SJC mentioned, but did not reconcile, the fact that the gatekeeper justice had denied the appellant's motion for leave to appeal. It offered no explanation of its decision to overlook the gatekeeper's decision and consider

the appeal. Shortly after the SJC's decision in petitioner's case, it overruled Haberek, putting an end to any perception that Haberek created an exception to the rule that the decision of a gatekeeper justice is final and unreviewable. See Commonwealth v. Cook, 857 N.E.2d 31 (Mass. 2006).

Pointing to the Haberek decision, the district court in this case explained that "Herbert's appeal fell squarely within the narrow exception carved out by Haberek; he sought review of the gatekeeper justice's ruling that denied him relief with respect to the same form of ineffective assistance of counsel as was at issue in Haberek." Herbert, 724 F. Supp. 2d at 140. Thus, it concluded "as a matter of state law as it existed at the time of Herbert's appeal, a capital appellant asserting a unique ineffective assistance of counsel claim could legitimately appeal a gatekeeper justice's denial to the full SJC." Id. at 141.

However, this supposed exception notwithstanding, the SJC observed in this case that "[t]he single justice denied [Herbert's] application on the separate and independent ground[] that it was untimely." Herbert, 838 N.E.2d at 1237. Under Massachusetts law, "a gatekeeper petition pursuant to [section 33E must] be filed within thirty days of the denial of a motion for a new trial." Mains v. Commonwealth, 739 N.E.2d 1125, 1131 n.10 (Mass. 2000). Herbert's motion for a new trial was denied on November 20, 2003, and his gatekeeper petition was not filed until February 10, 2004

-- fifty-three days late. This late filing provides an alternate basis for the gatekeeper's decision to reject Herbert's section 33E petition, and Massachusetts courts have made clear that a gatekeeper's decision is "'final and unreviewable,' even when the single justice bases his opinion on procedural grounds, such as when a gatekeeper petition is dismissed as untimely." Drew, 620 F.3d at 21 (citation omitted) (quoting Herbert, 838 N.E.2d at 1237) (citing Commonwealth v. Nassar, 908 N.E.2d 371, 372-73 (Mass. 2009)). Herbert does not argue that a rejection on the basis of untimeliness is appealable.

Accordingly, whether or not it was proper to toll the time between the belated filing of Herbert's section 33E petition and the "gatekeeper" justice's decision on July 15, 2004,[5] see Currie, 281 F.3d at 268 ("In capital cases, an application for leave to appeal is a necessary step toward perfecting a post-conviction appeal to the SJC. It is, therefore, part of the appeal process . . . ."), the time after this decision should be counted against AEDPA's limitations period.[6] It is undisputed that the

_____

[5] In Currie we discussed, but did not resolve, the issue of whether time between the expiration of a period to appeal and the filing of a belated appeal should be tolled. See 281 F.3d at 269 & n.10. We will not resolve this issue here because it has no bearing on the ultimate timeliness of Herbert's petition.

[6] We also have yet to address the issue of whether a motion for reconsideration continues to toll the AEDPA limitations period after a gatekeeper justice denies a section 33E petition for leave to appeal to the full SJC. We will not resolve the issue here because, even if we were to determine that this time should be

time between the effective date of AEDPA and Herbert's motion for a new trial is counted against the limitations period.  This period amounts to 237 days.[7]  Because the limitations period began to run again when the gatekeeper justice rejected Herbert's section 33E petition, another 540 days passed before Herbert filed the instant § 2254 petition.[8]  Thus, a total of 777 non-tolled days are counted against Herbert, putting his petition well outside of AEDPA's one-year limitations period.

For the foregoing reasons, the judgment of the district court is <u>affirmed</u>.

<u>So ordered</u>.

---

tolled, it would shave only twenty-one days from the time counted against the limitations period.  Thus, this period does not affect the timeliness of Herbert's petition.

[7] April 24, 1996, to December 17, 1996.

[8] July 15, 2004, to January 6, 2006.

## Appendix

| Date | Event |
|---|---|
| Mar. 8, 1991 | Herbert is convicted. |
| Nov. 9, 1995 | Herbert's conviction is affirmed by the SJC. |
| Feb. 6, 1996 | Herbert's conviction becomes final upon expiration of period for filing a petition for certiorari with the United States Supreme Court. |
| Apr. 24, 1996 | AEDPA becomes effective. |
| Dec. 17, 1996 | Herbert files motions for a new trial and for appointment of counsel. |
| Dec. 19, 1996 | Herbert's motion for appointment of counsel is received and docketed. |
| Dec. 19, 2002 | Herbert files renewed motions for a new trial and for appointment of counsel. |
| Nov. 20, 2003 | Herbert's motion for a new trial is denied by the trial court. |
| Feb. 10, 2004 | Herbert seeks leave from a gatekeeper justice of the SJC to appeal his motion for a new trial to the full SJC. |
| July 15, 2004 | The gatekeeper justice denies leave to appeal. |
| July 29, 2004 | Herbert files a motion to reconsider with the gatekeeper justice. |
| Aug. 4, 2004 | The gatekeeper justice denies the motion to reconsider. |
| Sept. 3, 2004 | Herbert appeals the gatekeeper justice's decision to the full SJC. |
| Dec. 12, 2005 | The SJC dismisses Herbert's appeal. |
| Jan. 5, 2006 | Herbert files the petition for habeas corpus at issue here. |