NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12980

R.H. MANDEVILLE  vs.  ERIN GAFFNEY.[1]


Suffolk.      February 3, 2021. - April 29, 2021.

Present:  Budd, C.J., Gaziano, Lowy, Cypher, Kafker, Wendlandt,
& Georges, JJ.


Practice, Criminal, Postconviction relief.


Certification of a question of law to the Supreme Judicial
Court by the United States District Court for the District of
Massachusetts.


Dana Alan Curhan for the petitioner.
Randall E. Ravitz, Assistant Attorney General, for the
respondent.


CYPHER, J.  After this court affirmed the petitioner R.H.

Mandeville's convictions of murder in the first degree and armed

assault with intent to murder in 1982, he filed a series of

State and Federal court challenges to his convictions.  In 2017,

he filed his most recent Federal habeas petition, which the

_____

[1] Superintendent, Old Colony Correctional Center.

respondent, the superintendent at the correctional facility in which Mandeville is held (superintendent), moved to dismiss as untimely under the one-year deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) for filing a habeas petition in Federal court. See 28 U.S.C. § 2244(d)(1). Because the one-year deadline in the AEDPA is tolled while an application for postconviction or other collateral review is pending in State court, 28 U.S.C. § 2244(d)(2), whether the petition is untimely under the AEDPA turns on whether motions for a new trial that were denied before Mains v. Commonwealth, 433 Mass. 30, 36 n.10 (2000), were subject to the time limitation announced therein, in which this court held that "[h]ereinafter . . . a gatekeeper petition pursuant to G. L. c. 278, § 33E, [must] be filed within thirty days of the denial of a motion for a new trial." Before Mains, there was not a time limitation on filing a gatekeeper petition. See G. L. c. 278, § 33E.

Confronted with the application of Mains, a judge of the Federal District Court for the District of Massachusetts certified the following question to this court:

> "Does the thirty-day time limitation established by the Court in Mains for filing a gatekeeper petition under [G. L. c.] 278, § 33E, apply to denials that had occurred prior to December 13, 2000, so as to permit only gatekeeper petitions regarding those prior denials that were filed within thirty days of the publication of the Mains opinion,

or do those pre-<u>Mains</u> denials continue to be not subject to any time limitation as under the prior practice?"

We answer that the thirty-day time limitation established in <u>Mains</u> does not apply to denials that occurred before December 13, 2000.  Therefore, pre-<u>Mains</u> denials continue not to be subject to any time limitation, as under pre-<u>Mains</u> practice.

<u>Background</u>.  1.  <u>Legal framework</u>.  We begin with an overview of the legal framework to provide context for the following discussion.

a.  <u>The AEDPA</u>.  The AEDPA established a one-year time limit to file an application for a writ of habeas corpus in the Federal courts.  28 U.S.C. § 2244(d)(1).  As relevant to the matter before us, the one-year time limit runs from the conclusion of direct review or the expiration of time for seeking such review in the State court.[2]  28 U.S.C. § 2244(d)(1)(A).  The time limit is tolled while an application for postconviction review or other collateral review is pending in State court.  28 U.S.C. § 2244(d)(2).  "[A] petition continues to be 'pending' during the period between one court's

---

[2] The one-year time limit runs from the latest of the conclusion of direct review in the State court; the removal of an unconstitutional impediment to filing an application; the recognition of a new right by the United States Supreme Court, asserted by a petitioner and retroactively applicable to cases on collateral review; or the date on which the factual predicate for the habeas claim or claims could have been discovered through the exercise of reasonable due diligence.  28 U.S.C. § 2244(d)(1).

decision and a timely request for further review by a higher court." Currie v. Matesanz, 281 F.3d 261, 266 (1st Cir. 2002), quoting Fernandez v. Sternes, 227 F.3d 977, 980 (7th Cir. 2000).

b. Mass. R. Crim. P. 30 and G. L. c. 278, § 33E. In Massachusetts, a defendant seeking postconviction review in a capital case after issuance of the rescript on direct review may file a motion for a new trial in the Superior Court under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001). To appeal from the denial of such a motion, a defendant must seek leave to pursue the appeal from a single justice of this court under G. L. c. 278, § 33E (gatekeeper provision). See Currie, 281 F.3d at 263. The single justice must determine that the petition presents "a new and substantial question" for the defendant to be entitled to review by the full court. G. L. c. 278, § 33E. For purposes of the AEDPA time limitation, the denial of a gatekeeper petition constitutes "final resolution through [Massachusetts's] postconviction procedures." Drew v. MacEachern, 620 F.3d 16, 21 (1st Cir. 2010), quoting Carey v. Saffold, 536 U.S. 214, 220 (2002).

c. The Mains decision. General Laws c. 278, § 33E, does not contain a deadline for filing a gatekeeper petition after the denial of a motion for a new trial; however, in Mains, which was decided on December 13, 2000, this court imposed a deadline: "Hereinafter, in the interests of consistency and finality, we

shall require that a gatekeeper petition pursuant to G. L. c. 278, § 33E, be filed within thirty days of the denial of a motion for a new trial."  Mains, 433 Mass. at 36 n.10.  This thirty-day deadline was imposed prospectively.  See Weaver v. Commonwealth, 437 Mass. 1028, 1029 (2002).

2.  The petitioner.  After trial in 1977, Mandeville was convicted of murder in the first degree and armed assault with intent to murder.  Commonwealth v. Mandeville, 386 Mass. 393, 394, 407 (1982).  This court affirmed his convictions on direct appellate review.  Id. at 413.

Since his conviction was affirmed, Mandeville has filed multiple motions for a new trial, gatekeeper petitions, and habeas petitions, none of which has been successful.

In 2017, Mandeville filed his most recent motion for a new trial and gatekeeper petition, both of which were denied.  In his gatekeeper petition, he noted that the 1982 and 1991 denials of his motions for a new trial were pending before the single justice.  After his gatekeeper petition was denied, he filed another habeas petition.  The superintendent moved to dismiss the habeas petition on the ground that it was not filed within the AEDPA's one-year deadline.  Mandeville opposed the motion, asserting that the Mains deadline applied only to the filing of a gatekeeper petition for denials of new trial motions after Mains.  The superintendent argued that all gatekeeper petitions

that could have been filed as of the date of the decision in Mains had to be filed within thirty days from December 13, 2000. Therefore, the superintendent maintained, a defendant with a pre-Mains denial had to file a gatekeeper petition by January 12, 2001; otherwise, he or she would be foreclosed from doing so by Mains. As the judge noted, if the superintendent's view is correct, the time to file a habeas petition would have begun to run from January 13, 2001, and would have expired before Mandeville filed his petition in August 2017. Presented with the two differing interpretations of Mains, the judge certified the above question to this court, asking us to determine the application of the Mains time limitation to denials of motions for a new trial that occurred before December 13, 2000.

Discussion. Mandeville argues that the thirty-day time limitation established in Mains does not apply to pre-Mains denials of motions for a new trial. He further asserts that such denials are not subject to any time limitation, absent a further decision from this court. The superintendent disagrees with Mandeville's interpretation of Mains. We conclude that the thirty-day time limitation established in Mains does not apply to denials that occurred before December 13, 2000.

As discussed supra, G. L. c. 278, § 33E, does not contain a time limit for filing a gatekeeper petition, but the court in Mains imposed a thirty-day time limit, to be applied

prospectively. Mains, 433 Mass. at 36 n.10. Since Mains, we have not addressed directly the applicability of the Mains rule to pre-Mains denials of motions for a new trial, but we did touch on the issue in Commonwealth v. Nassar, 454 Mass. 1008 (2009). In Nassar, we denied a petitioner's appeal from the denial of a gatekeeper petition filed in 2008, seeking review of a 1982 denial of a motion for a new trial. Id. at 1008-1009. In denying Nassar's gatekeeper petition, the single justice wrote:

> "[Nassar] claims that, at the time [of the denial of his motion for a new trial in 1982], there was no time limit for appealing the denial of his motion for a new trial. . . . First, he is wrong. The appeal period always has been thirty days. Second, even if there were some ambiguity about the appeal period, the defendant's reliance on [Mains] is fatal. The Mains case was decided on December 13, 2000. Therefore, if Mains settled the issue, the defendant's application should have been filed within thirty days after December 13, 2000."

Commonwealth vs. Nassar, Supreme Judicial Court, No. SJ-2008-0352 (Dec. 4, 2008).

The subsequent full court opinion, however, did not adopt the single justice's view that the appeal period always had been thirty days, nor did it apply the same reasoning regarding the application of Mains. The full court concluded that Nassar's appeal was barred by the rule that "the decision of the single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is 'final and unreviewable.'" Nassar, supra at 1009, quoting Commonwealth v. Herbert, 445 Mass. 1018, 1018 (2005), and

Commonwealth v. Perez, 442 Mass. 1019, 1019 (2004). The court observed in a footnote that Nassar "[m]anifestly . . . did not file the instant gatekeeper petition within a reasonable time," noting that his "gatekeeper petition was filed more than twenty-five years after the 1982 denial, [and] more than seven years after we announced, albeit prospectively, that a gatekeeper petition must be filed within thirty days of the denial of a motion for a new trial." Id. at 1009 n.2. It therefore appears that the court did not view Nassar as being subject to the Mains deadline.

Federal cases reflect the ambiguity. In Currie, 281 F.3d at 271, the United States Court of Appeals for the First Circuit noted that Mains created a thirty-day time limit, but that "finality concerns [that underlie AEDPA's statute of limitations] are limited to a relatively small subset of petitioners: Massachusetts [S]tate prisoners who were convicted of first degree murder and whose new trial motions had been denied, but not appealed, when the [Supreme Judicial Court] imposed the new [thirty]-day limit in December, 2000." The court went on to note that "Massachusetts appears to have been alone -- at least within this Circuit -- in its decision to impose no time limit on a certain class of appeals from the denial of post-conviction relief." Id. at 271 n.12. In the nonprecedential ruling on Mandeville's earlier habeas

application, the Federal District Court judge relied on Currie, writing that "because Mains only applies prospectively, motions for a new trial that were denied before the decision, but never appealed, are still governed by the rules of procedure as they existed beforehand -- and there was apparently no time limit whatsoever for filing a gatekeeper petition."  Mandeville vs. Spencer, U.S. Dist. Ct., No. CV 14-12220-FDS, slip op. at 11 (D. Mass. July 23, 2015), citing Currie, supra at 271.

Moreover, although the superintendent is correct that Mains discussed the interests of consistency and finality, Mains, 433 Mass. at 36 n.10, those interests do not compel us to adopt the position that the Mains deadline applies to pre-Mains denials of motions for a new trial.  Where, as here, there is legitimate disagreement regarding the application of a rule that would foreclose a specific class of defendants from seeking certain postconviction relief, finality and consistency interests do not always override the defendants' interest in their ability to seek postconviction relief.[3]  See Commonwealth v. Hernandez, 481

---

[3] In addition, the superintendent supports this position with an analogy to statutes or judicial decisions providing for new or shortened time limits for civil claims.  See, e.g., Massachusetts Gen. Hosp. v. Grassi, 356 Mass. 1, 2-4 (1969) (court rule shortening time during which no action could be taken in pending suit before dismissal applied to suits already filed, but only if adequate notice was provided to litigants).  The civil cases, however, do not mandate retroactive application of a new deadline.

Mass. 582, 596 (2019) ("finality principle remains fundamental to our system of justice, yet other well-settled principles regarding the effect of a conviction and the scope of the right to an appeal remind us that it is not altogether inviolable").

We also decline to impose a requirement that a gatekeeper petition must be filed within a specific time after the denial of a pre-Mains motion for a new trial.  Because we conclude that Mandeville is not subject to Mains, we need not reach his argument that "the absence of fair notice that the thirty-day time limit may apply to decisions that predated Mains, extinguishing [his] right to pursue gatekeeper petitions on decisions that predated Mains, would violate his right to due process."

Conclusion.  We answer the reported question that the thirty-day time limitation established in Mains does not apply to denials that occurred before December 13, 2000.

The Reporter of Decisions is to furnish attested copies of this opinion to the clerk of this court.  The clerk in turn will transmit one copy, under the seal of the court, to the clerk of the United States District Court for the District of Massachusetts, as the answer to the question certified, and also will transmit a copy to each party.