SUPREME JUDICIAL COURT 
 
 QUANTREIL LAURA vs. A JUSTICE OF THE DISTRICT COURT DEPARTMENT

 
 Docket:
 SJC-13626
 
 
 Dates:
 October 23, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts. Mandamus.
 
 

       The petitioner, Quantreil Laura, filed a
petition pro se in the county court, seeking mandamus relief from the issuance
of a default warrant in the Worcester Division of the District Court
Department.  The petition was denied by a
single justice of this court, and Laura appealed.  We affirm.
      Background.[1]  In 2022, a criminal complaint was issued
against Laura in the Worcester Division. 
On August 5, 2022, a judge in the District Court found Laura in default
for failing to appear at a pretrial hearing and issued a default warrant.  On August 17, 2022, a notice of outstanding
warrant was returned without service. 
Nearly two years later, Laura filed a "petition for writ of mandamus"
in the county court.  In the petition,
Laura asserted that he never received "proper notice" of the pretrial
hearing that led to the issuance of the default warrant.  Laura also characterized the underlying
proceedings as "nonconsensual," and suggested that the judge who
issued the default warrant acted without jurisdiction.  He argued that issuance of the warrant
violated due process and "precipitated an immediate and irreparable harm
to [Laura's] rights and health."  On
this basis, Laura requested that the respondent be ordered to immediately
withdraw, stay, or quash the warrant.  A
single justice of this court denied the petition, concluding that Laura's
allegations did not rise to the level of a failure of justice warranting
mandamus relief.  This appeal followed.[2]
      Discussion.  On appeal, our review is limited to
determining whether the single justice committed a clear error of law or
otherwise abused his discretion.  See
Weaver v. Commonwealth, 437 Mass. 1028, 1029 (2002).  Relief in the nature of mandamus is
"extraordinary and may be granted only to prevent a failure of justice in
instances where there is no alternative remedy."  Id., quoting Callahan v. Superior Court, 410
Mass. 1001, 1001 (1991).  Mandamus relief
is not appropriate where a petitioner seeks to compel actions that "are
discretionary rather than ministerial" in nature.  Vinnie v. Commonwealth, 475 Mass. 1011, 1012
(2016), quoting Boxford v. Massachusetts Highway Dep't, 458 Mass. 596, 606
(2010).  Accordingly, "mandamus will
not issue to direct a judicial officer to make a particular decision or to
review, or reverse, a decision made by a judicial officer on an issue properly
before him or her."  Callahan,
supra.
      As a general matter, "the decision to
declare a default or to lift a default is . . . left to the
discretion of the judge" (quotation and citation omitted).  Commonwealth v. Gomes, 407 Mass. 206, 211
(1990).  See G. L. c. 276,
§ 36.  Cf. Commonwealth v. Gomez, 78
Mass. App. Ct. 569, 575 (2011) ("judicial discretion is involved in
determining whether to issue a default or forfeit bail").  Accordingly, because the decision to default
Laura and issue a warrant was discretionary in nature, relief in the nature of
mandamus is not appropriate.  See
Callahan, 410 Mass. at 1001.  
      Insofar as Laura seeks to assert that the
District Court lacks jurisdiction over him, it does not appear that he has ever
filed a motion to dismiss in the trial court raising such claims.  In any event, we have repeatedly held that
jurisdictional claims can be adequately addressed in the ordinary course of
appeal after the conclusion of trial. 
See Welter v. Medical Professional Mut. Ins. Co., 495 Mass. 1027, 1028
(2025) ("Claims that a trial court lacked jurisdiction are routinely addressed
in the ordinary course of appeal from final judgments"); Wallace v.
Commonwealth, 492 Mass. 1012, 1012 (2023), and cases cited (principle that
denial of motion to dismiss may not be appealed until after trial "is no
less applicable where the claims asserted involve jurisdictional
issues").  This is not a
circumstance in which no alternative remedy is available.  See Weaver, 437 Mass. at 1029.  
      In sum, the single justice did not commit
a clear error of law or otherwise abuse his discretion in denying relief.
Judgment
affirmed.
      The case was submitted on briefs.
      Quantreil Laura, pro se.
      Nicole Nixon, Assistant Attorney General,
for the respondent.

footnotes

[1] The
respondent's motion for leave to file a record appendix is hereby allowed.  We note that Laura did not file a record
appendix, as required by Mass. R. A. P. 18, as appearing in 481 Mass. 1637
(2019).  "Although we do not base
our decision on that omission, we remind all litigants, whether or not
represented by counsel, that they are required to comply with the rules of
court."  Roberts v. Hingham Div. of
the Dist. Court Dep't, 486 Mass. 1001, 1002 n.4 (2020).

[2] Laura has
filed a "Conditional Motion to Accept Appellant's Memorandum as
Non-Conforming Brief and Declaration of Good Faith Objection."  To the extent that the motion seeks leave to
file a nonconforming brief, it is hereby allowed.  The motion is otherwise denied.