CHARLES E. FULLER, JR. *vs.* COMMONWEALTH. December 9, 1994. *Practice, Criminal*, New trial, Appeal, Capital case, Postconviction relief.

In *Commonwealth* v. *Fuller*, 394 Mass. 251 (1985), this court affirmed the present petitioner's, Charles E. Fuller, Jr.'s, 1979 conviction of murder in the first degree and affirmed the trial judge's denial of Fuller's motion for a new trial. That motion was based in part on Fuller's claim that he had been denied his Federal and State constitutional rights to effective assistance of counsel. *Id.* at 252. Fuller thereafter filed second, third, and fourth motions for a new trial, all of which were denied by judges in the Superior Court. Fuller has filed a so-called "gatekeeper" petition in the county court for leave to appeal from the denial of his fourth new trial motion. That petition has not yet been heard or acted on.

This appeal, in which Fuller appears pro se, relates to six motions which he filed in this court and which were denied by a single justice. The motions were (1) for the appointment of standby counsel; (2) for leave to incur costs for investigative services; (3) for a court-ordered polygraph examination of the defendant; (4) for a stay of execution of sentence and bail; (5) to "vacate" the indictment and sentence; and (6) to compel the Commonwealth to reply to his legal claims in support of his fourth motion for a new trial.

General Laws c. 278, § 33E (1992 ed.), provides in part:

"After the entry of the appeal in a capital case and until the filing of the rescript by the supreme judicial court motions for a new trial

---

shall be presented to that court and shall be dealt with by the full court, which may itself hear and determine such motions or remit the same to the trial judge for hearing and determination. *If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court*" (emphasis added).

"An issue is not 'new' within the meaning of G. L. c. 278, § 33E, where either it has already been addressed, or where it could have been addressed had the defendant properly raised it at trial or on direct review. 'The statute requires that the defendant present all his claims of error at the earliest possible time, and failure to do so precludes relief on all grounds generally known and available at the time of trial or appeal.' *Commonwealth* v. *Pisa*, 384 Mass. 362, 365-366 (1981), and cases cited" (footnote omitted). *Commonwealth* v. *Ambers*, 397 Mass. 705, 707 (1986).

Fuller's motions apparently were intended to enhance the likelihood that a single justice of this court, acting as gatekeeper, would allow Fuller to appeal from the denial by a Superior Court judge of his fourth motion for a new trial. As to that matter, the only relevant question would be whether the appeal would present a new and substantial question which the full court ought to address. Fuller has not demonstrated that any of the six "ancillary" motions which were denied by the single justice has realistic potential for demonstrating the existence of a new and substantial question appropriate for appeal, nor has he demonstrated any other reason for us to conclude that the single justice was in error in denying his motions. We affirm the order of the single justice denying Fuller's ancillary motions.

*So ordered.*

The case was submitted on briefs.

*Charles E. Fuller, Jr.*, pro se.

*Stephanie Martin Glennon*, Assistant District Attorney, for the Commonwealth.

