*Kenneth Mocks*, pro se.

JOSEPH JORDAN *vs.* SUPERIOR COURT & others.[1] February 13, 1998. *Supreme Judicial Court*, Superintendence of inferior courts, Appeal from order of single justice. *Practice, Civil*, Party pro se, Assistance of counsel.

Joseph Jordan appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. By an order entered January 14, 1997, we have previously determined that S.J.C. Rule 2:21, 421 Mass. 1303 (1995), is inapplicable to this appeal.

Jordan's petition was correctly denied because he failed to demonstrate the absence or inadequacy of other available remedies. See *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997), and cases cited. After a judge in the Superior Court denied his motion for the appointment of counsel to pursue a postconviction motion to revise or revoke his sentence, Jordan had other avenues of seeking the desired relief. He could have appealed from the order, which was in effect a final order; or he might have pursued on his own the motion to revise or revoke, and thereafter appealed if the motion were denied, challenging, among other things, the denial of the assistance of counsel. See *Commonwealth* v. *Conceicao*, 388 Mass. 255 (1983). If, as Jordan alleged in his petition, the clerk in the trial court failed to process (or misdirected) his appeal, that, too, was correctable with an appropriate motion. See *Davis* v. *Tabachnick*, 425 Mass. 1010, cert. denied, 118 S. Ct. 443 (1997); *Morales* v. *Commonwealth*, 424 Mass. 1010 (1997).

Moreover, we have never held, as Jordan seems to assume, that indigent defendants are automatically entitled to the assistance of counsel on motions to revise or revoke. Not all postconviction motions require the assistance of counsel. Cf. *Conceicao, supra* at 258-263 (discussing the assistance of counsel on motion for new trial).

Finally, we pause to discuss the gross deficiencies in Jordan's "brief" on appeal. Upon being informed of our ruling that S.J.C. Rule 2:21 did not apply to his appeal, and that he was therefore free to proceed in the regular course, Jordan failed to file a regular brief in accordance with the Massachusetts Rules of Appellate Procedure. See Mass. R. A. P. 16, as amended, 424 Mass. 1601 (1997). Instead, he stated that he intended to rely on his previously filed

---

[1]Clerk of the Superior Court Department of the Trial Court for the county of Hampshire; and the Commonwealth.

memorandum under rule 2:21 as his "brief." Memoranda under rule 2:21 do not, however, necessarily conform to the requirements for briefs, nor do they necessarily address the same issues as briefs. Indeed, Jordan's memorandum failed substantially to meet the requirements for a brief and failed altogether to address the single issue on appeal: whether the single justice committed a clear error of law or abused his discretion in denying the petition. Henceforth, litigants who proceed in this fashion — relying on rule 2:21 memoranda that do not conform to the requirements for briefs as substitutes for briefs in regular appeals — do so at their peril.

*Judgment affirmed.*

