FRIEDRICH LU *vs.* BOSTON DIVISION OF THE HOUSING COURT DEPARTMENT. July 13, 2000. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Record.

Friedrich Lu (petitioner) appeals from a single justice's denial of his petition for relief pursuant to G. L. c. 211, § 3. We affirm the judgment.

The petitioner's G. L. c. 211, § 3, petition requested relief relating to two actions in the Boston Housing Court, one of which was a summary process action apparently brought against him by his landlord. It appears that, approximately ten days before he filed his petition, the petitioner was evicted from his apartment. The petitioner sought an order of the single justice directing the Housing Court to "bring [his appeals in the two actions] up to appellate court for review," and to "vacate execution issued" in the summary process action.

A petitioner seeking relief under G. L. c. 211, § 3, bears the burden of showing that there has been a "violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means." *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). To that end, a petitioner must "create a record — not merely . . . allege but . . . demonstrate, i.e., . . . provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate [the] allegations." *Id.* Because the petitioner in this case

---

failed to provide the court with any information regarding the substance of the underlying Housing Court actions, or regarding his grounds for the relief requested, the single justice correctly denied his petition.

To the extent that the petition might be construed as seeking an order compelling the clerk of the lower court to assemble the record or to expedite the assembly of the record, the single justice did not know (because the petitioner's submissions did not indicate) whether the fact that the record had not yet been assembled was the product of the petitioner's failure to comply with his obligations as appellant, or was the result of some error or omission of the Housing Court clerk. Because the petitioner did not even submit the dockets from the underlying Housing Court actions, the single justice did not know (apart from the petitioner's bare allegation) whether the petitioner had, in fact, filed a notice of appeal in those actions. Moreover, the petitioner does not allege, and the dockets do not indicate,[1] that he made any attempt in the trial court to compel or facilitate the assembly of the record. *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997), and cases cited (discussing petitioner's burden of demonstrating absence or inadequacy of other remedies). See *Jordan* v. *Superior Court*, 426 Mass. 1019 (1998) (indicating that clerk's failure to process the petitioner's appeal would have been correctable with appropriate motion in trial court). Cf. *Davis* v. *Tabachnick*, 425 Mass. 1010, cert. denied, 522 U.S. 982 (1997); *Morales* v. *Commonwealth*, 424 Mass. 1010 (1997).

The single justice also correctly denied the request for an order vacating the execution in the summary process action. Without deciding the question whether his request was moot (because he had already been evicted by the time he filed his petition), cf. *Matter of an Appeal Bond (No. 2)*, 428 Mass. 1022 (1999), we note that the petitioner provided the single justice with absolutely no information regarding the merits of the summary process action or any reason why it would be appropriate to vacate the execution. The petitioner provided no information as to the substance of the eviction action, the nature of any defense, the basis for the dismissal of his appeal in the eviction action, or anything else about the case. See *Gorod* v. *Tabachnick*, *supra* at 1001, and cases cited (discussing pro se petitioner's burden of demonstrating entitlement to relief). Additionally, there is no indication that the petitioner sought an order vacating the execution in the trial court.

*Judgment affirmed.*

*Juliana deHaan Rice*, Assistant Attorney General, for the defendant.

*Friedrich Lu*, pro se.

---

[1] Although the single justice did not have copies of the trial court docket sheets before her, the Housing Court has provided copies of the dockets to the full court in this appeal.