JANE ROE[1] *vs.* HENRY ROSENCRATZ & others. April 5, 2005. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Interlocutory appeal, Costs.

The petitioner, Jane Roe, appeals from the judgment of a single justice of this court denying, without a hearing, her petition under G. L. c. 211, § 3. We affirm.

Roe's petition primarily challenges a judgment in the Superior Court dismissing a twenty-five count complaint she filed against the same twenty parties who are the respondents in this appeal. Because the judgment could have been challenged adequately in the ordinary appellate process, and Roe has not met her burden of demonstrating otherwise, the single justice did not err in denying extraordinary relief under G. L. c. 211, § 3. See *Matter of an Appeal Bond (No. 2),* 428 Mass. 1022, 1022-1023 (1999), citing *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630, 631 (1977).

In addition, Roe claims that the Superior Court judge erred in denying her request, pursuant to G. L. c. 261, § 27C, for State payment of certain costs. An order under that statute is appealable pursuant to G. L. c. 261, § 27D; relief under G. L. c. 211, § 3, therefore, is not warranted. See *Phillips* v. *Budzianowski,* 440 Mass. 1008, 1008 (2003). While Roe argues that she cannot appeal until the judge issues written findings and a record has been assembled, she has not demonstrated the absence of alternate and adequate means of relief, such as filing a motion to compel findings or assembly of the record or, at a minimum, corresponding with the clerk of the court or the judge of the Superior Court to make those requests. See *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022 (1997) (relief under G. L. c. 211, § 3, not available in the absence of adequate, but unavailing, efforts of petitioner to remedy judge's alleged inaction). The single justice did not err in denying relief.

The respondents have asked that we award appellate costs, pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). Because we conclude that this appeal is frivolous, particularly in light of our disposition on similar grounds of Roe's other appeals, *Matter of an Appeal Bond (No. 2), supra*; *Matter of an Appeal Bond (No. 1),* 428 Mass. 1013 (1998), we award double appellate costs to the respondents. *Callahan* v. *Eastern Bank & Trust Co.,* 437 Mass. 1020, 1021 (2002).[2]

*Judgment affirmed.*

---

[1] The complaint, and other papers filed in the Superior Court, use the pseudonym Jane Roe to describe the petitioner. The propriety of the Superior Court judge's order permitting the petitioner to proceed under a fictitious name is not before us.

[2] The respondents also have requested that we clarify or expand the "any further filing" order we issued in *Matter of Appeal Bond (No. 2),* 428 Mass. 1022, 1023 (1999). We decline in these circumstances to take such action.

*Jane Roe*, pro se.

The following were present but did not argue:

*Anthony M. Feeherry* (*Courtney A. Clark* with him) for Fallon Ambulance Service, Inc.

*Holly L. Parks* for New England Medical Center & others.

*Jeffrey W. Colman* for Roy Ettlinger & others.