WAYNE D. PARKER, SR. *vs.* COMMONWEALTH (and a consolidated case[1]). March 23, 2007. *Contempt. Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Capital case. *Committee for Public Counsel Services.*

Wayne D. Parker, Sr., was convicted of murder in the first degree and

---

[1]Commonwealth *v.* Wayne D. Parker, Sr.

unarmed robbery, and we affirmed the convictions after plenary review. *Commonwealth* v. *Parker*, 412 Mass. 353 (1992). Parker then filed a motion for a new trial, which the trial judge denied. The judge also denied Parker's motion for reconsideration. In January, 1999, Parker filed a "notice of appeal" in the county court, apparently pursuant to the gatekeeper provision of G. L. c. 278, § 33E. A single justice of this court referred the matter to the Committee for Public Counsel Services (CPCS). Parker was informed at that time that the matter was being "referred to CPCS for evaluation." In March, 2002, CPCS notified Parker that after review of his case, it found no "issues of sufficient merit to warrant assignment of counsel." Parker filed a number of ancillary motions, all directed toward obtaining appointed counsel. A second single justice denied those motions, and Parker appealed to the full court from that ruling. After that appeal was entered in this court, and after the Commonwealth filed what it styled as an opposition to Parker's gatekeeper petition, a third single justice issued an order denying leave to appeal from the denial of the motion for a new trial. Parker also appealed from that ruling. Parker's two appeals were consolidated. The Commonwealth moved to dismiss so much of the appeal as sought review of the third single justice's ruling, on the ground that the denial of a petition under the gatekeeper provision of G. L. c. 278, § 33E, is final and unreviewable. E.g., *Napolitano* v. *Attorney Gen.*, 432 Mass. 240, 241 (2000). In an unpublished order, we reserved ruling on that motion until the appeal from the second single justice's ruling was briefed and argued. See *Fuller* v. *Commonwealth*, 419 Mass. 1002 (1994) (permitting petitioner to appeal from denial of ancillary motions intended to enhance likelihood that gatekeeper petition would be allowed). We now affirm the second single justice's ruling and allow the Commonwealth's motion to dismiss.

*Ancillary motions.* After CPCS decided that it would not assign counsel for Parker's case, Parker filed a motion to void that decision, a motion for appointment of independent counsel, and a complaint for contempt (collectively, ancillary motions). The complaint for contempt alleged that CPCS "was ordered to assign court appointed counsel" and did not obey that order. The second single justice denied all the ancillary motions.

Parker argues that the single justice erred in denying the complaint for contempt without a hearing. "To hold a party in contempt, 'there must be a clear and unequivocal command and an equally clear and undoubted disobedience.' *Nickerson* v. *Dowd*, 342 Mass. 462, 464 (1961). Oral orders may, of course, support a contempt finding. Cf. *Dominick* v. *Dominick*, 18 Mass. App. Ct. 85, 88-89 (1984) (oral agreement read into record binding on parties). But whether in written or oral form, we determine whether a party is in contempt by looking to the precise words of the order itself. Where the order is oral, we look to the words of the transcript." *Newell* v. *Department of Mental Retardation*, 446 Mass. 286, 305, cert. denied, 127 S. Ct. 158 (2006). There is nothing in the record, written or oral, to support Parker's claim that the first single justice ordered CPCS to assign counsel. The "notice of assignment of counsel" form signed by the first single justice contains no language directing CPCS to assign counsel. Nor is there any suggestion in the record of such an order given orally. The record clearly reflects that the first single justice merely referred the matter to CPCS "for evaluation" only, that is, so

that CPCS could determine whether Parker's case warranted an assignment of counsel. Because there was no "clear and unequivocal command" that CPCS actually assign counsel, CPCS could not be held in contempt for not doing so.[2]

Further, an indigent defendant has no constitutional entitlement to the assistance of appointed counsel in preparing or presenting a postconviction motion for a new trial. *Commonwealth* v. *Conceicao*, 388 Mass. 255, 261 (1983). The decision to appoint counsel in these circumstances is discretionary with the judge. *Id.* at 262. The second single justice, in the exercise of her discretion, declined to do so because she was satisfied that CPCS had evaluated Parker's case in good faith. Parker has not shown that the second single justice abused her discretion in doing so. Nothing in the record compelled the second single justice either to void CPCS's decision not to assign counsel or to appoint independent counsel herself. Moreover, Parker "has not demonstrated that any of the . . . 'ancillary' motions which were denied by the single justice has realistic potential for demonstrating the existence of a new and substantial question appropriate for appeal." *Fuller* v. *Commonwealth*, *supra* at 1003. In sum, Parker's ancillary motions were properly denied.[3]

*Motion to dismiss.* As noted above, we reserved ruling on the Commonwealth's motion to dismiss Parker's appeal from the third single justice's order. In that order, the third single justice ruled that the motions for a new trial and for reconsideration were correctly denied and that Parker failed to present a "new and substantial question" warranting leave to appeal. G. L. c. 278, § 33E. Accordingly, he denied leave to appeal pursuant to the gatekeeper provision of § 33E. Such a decision is "final and unreviewable." *Napolitano* v. *Attorney Gen., supra.*

In response to the Commonwealth's motion to dismiss, Parker argued that, in fact, he had not yet filed a gatekeeper petition. It is clear, however, that Parker was seeking leave to appeal under G. L. c. 278, § 33E, from the denial of his motion for a new trial. He filed a "notice of appeal" in the county court in 1999, invoking that statute. He had ample opportunity since then to make a more fully developed argument, with or without counsel, that his appeal should go forward. Over five years passed from the time Parker filed his "notice of appeal" until the third single justice acted, without any elaboration from Parker as to the merits of the proposed appeal. The third single justice evidently reviewed the motion for a new trial, the motion for reconsideration, and the trial judge's rulings on those motions and determined, on the merits,

---

[2]We reject Parker's suggestion that the second single justice's action on the complaint for contempt was defective because no summons was issued to CPCS. The complaint was insufficient on its face, even without CPCS's participation.

[3]In addition to these ancillary motions, Parker also argues that his motion to correct the docket was improperly denied. That motion, which was not addressed in our order authorizing this appeal, is not properly before us. In *Fuller* v. *Commonwealth*, 419 Mass. 1002 (1994), we permitted an interlocutory appeal from the denial of certain motions because those motions were intended to increase the likelihood that the defendant's gatekeeper petition would be allowed. For the same reason, we permitted Parker's appeal from the denial of his ancillary motions to proceed before ruling on the motion to dismiss the appeal from the third single justice's order. Parker's motion to correct the docket, however, was clerical, and we do not see how its allowance could have improved his chances of having his gatekeeper petition allowed.

that they presented no "new and substantial question which ought to be determined by the full court." G. L. c. 278, § 33E. At no time has Parker offered any argument to the contrary. In these circumstances, we will not depart from our usual rule that the denial of leave to appeal under the gatekeeper provision of § 33E is final and unreviewable. The Commonwealth's motion to dismiss must be allowed.

*Conclusion.* The second single justice's ruling of December 12, 2003, is affirmed. The appeal from the third single justice's ruling of June 14, 2004, is dismissed.

*So ordered.*

The case was submitted on briefs.

*Wayne D. Parker, Sr.,* pro se.

*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.