*William Englehart,* pro se.

*David Slade* for the defendants.

LAWRENCE WATSON *vs.* CLERK-MAGISTRATE OF THE DORCHESTER DIVISION OF THE DISTRICT COURT DEPARTMENT. February 20, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Lawrence Watson (petitioner) appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3, and

---

[1]Superintendent of the Old Colony Correctional Center. The petitioner also named the Clerk of the Superior Court for Civil Business in Suffolk County, and a judge of that court; they are nominal parties only. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

[2]We do not address other issues raised by Englehart for the first time in this appeal.

G. L. c. 249, § 5. He had sought relief from the alleged failure of the clerk-magistrate of the Dorchester Division of the District Court Department to (1) docket his notice of appeal from the dismissal of a legal malpractice action he had commenced; (2) assemble the record for appeal and transmit it to the Appeals Court in an action through which he had sought unsuccessfully to expunge the record of a criminal complaint against him that was dismissed; and (3) provide him with copies of documents and audiotape recordings of unspecified court proceedings in which he has been involved.

With respect to the petitioner's first two claims, the record before us contains no indication that he has taken appropriate steps in the trial court to rectify the alleged errors. A party claiming inaction in the docketing of notices of appeal or the assembly and transmission of records on appeal may seek relief through appropriate motions filed in the trial court, and through the normal appellate process in the event those motions are denied; there are no grounds for filing a petition for extraordinary relief in this court. See *Roe* v. *Rosencratz*, 443 Mass. 1021 (2005); *Santiago* v. *Commonwealth*, 442 Mass. 1045 (2004); *Loftfield* v. *Ferreira*, 440 Mass. 1012 (2003); *Lu* v. *Boston Div. of the Hous. Court Dep't*, 432 Mass. 1005, 1005-1006 (2000); *Jordan* v. *Superior Court*, 426 Mass. 1019 (1998). Accordingly, as to the petitioner's first two claims, the judgment of the single justice is affirmed.

The single justice also correctly declined to grant extraordinary superintendence relief with respect to the third claim. Claims such as this — i.e., that a litigant's attempts to obtain documents, tapes, and transcripts of a court proceeding have been thwarted — are also remediable through appropriate steps taken in the trial court and in the normal course of appeal if necessary, and typically not through a petition for extraordinary relief in this court. The petitioner failed to demonstrate in the record he put before the single justice, and has put before this court, that these alternative remedies are unavailable to him or are inadequate.

That said, at the oral argument of this case the assistant attorney general, on behalf of the respondent, represented to the court that all the items the petitioner seeks have been assembled and will be made available to him at the District Court. At the court's urging, the assistant attorney general agreed to work with the petitioner to schedule a mutually agreeable time for him to obtain the materials at the District Court. We are hopeful that this will bring to a conclusion what has been an ongoing but entirely avoidable dispute between the parties over access to basic court files, a dispute that has spawned multiple unnecessary appearances before this court.

We affirm the single justice's judgment denying relief under G. L. c. 211, § 3. In addition, we remand the case to the county court where the single justice will be in a position to ensure that the petitioner gets access to the court documents and audiotapes he has been promised. The parties shall promptly report to the single justice once the materials have been produced, or shall explain within thirty days of the rescript why that has not happened. The single justice will issue such further orders as may be necessary.

*So ordered.*

*Lawrence Watson*, pro se.

*Annapurna Balakrishna*, Assistant Attorney General, for the defendant.