ANDREW KILBURN *vs.* COMMONWEALTH. February 24, 2010. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

Andrew Kilburn (petitioner) appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In 1993, the petitioner was convicted of murder in the first degree. We affirmed his conviction on appeal. See *Commonwealth* v. *Kilburn*, 426 Mass. 31 (1997). In 2001, the petitioner moved unsuccessfully for a new trial. We affirmed the denial of that motion. See *Commonwealth* v. *Kilburn*, 438 Mass. 356 (2003). In 2005, the petitioner filed a second motion for a new trial, which remains pending. In connection with that motion, the petitioner moved unsuccessfully for discovery of various investigation and internal affairs reports from several law enforcement agencies; assorted telephone, audiotape, videotape, and motor vehicle records; and information relating to a witness who had testified against the petitioner at his trial, including transcripts of a hearing concerning the witness, which the petitioner claims occurred on March 13, 1995. According to the petitioner, a Superior Court docket entry relating to the 1995 hearing was improperly deleted. He claims he filed a motion to correct the error, but that the Superior Court failed to docket his motion. In 2009, the petitioner filed his petition in the county court, requesting that the single justice order the Superior Court to allow his motion for discovery and to correct the docket concerning the alleged 1995 hearing. The single justice denied the petition without a hearing.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The petitioner has failed to satisfy his burden under that rule of

---

showing the lack of an adequate alternative remedy. In the event the petitioner's motion for a new trial is denied, he may challenge the denial of his discovery motion in a gatekeeper petition, G. L. c. 278, § 33E, and, if that petition were to be allowed, in an appeal to this court. See *Donald* v. *Commonwealth*, 437 Mass. 1007 (2002). As for the petitioner's concern about the Superior Court docket entries, including his assertion that the court failed to docket his motion requesting restoration of the allegedly deleted 1995 entry, he can pursue those concerns through appropriate motions in the trial court. See *Watson* v. *Clerk-Magistrate of the Dorchester Div. of the Dist. Court Dep't*, 453 Mass. 1007, 1008 (2009), and cases cited.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Andrew Kilburn*, pro se.