NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11782

ROBERT E. MONTEIRO  vs.  COMMONWEALTH.


November 20, 2015.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Criminal, Assistance of counsel.



    The petitioner, Robert E. Monteiro, was convicted of murder
in the first degree in 1983.  This court affirmed the
conviction.  See Commonwealth v. Monteiro, 396 Mass. 123 (1985).
Since then, Monteiro has filed, among other things, two motions
for a new trial in the trial court and an earlier application in
the county court requesting leave to appeal pursuant to G. L.
c. 278, § 33E, all of which have been denied.  See Commonwealth
v. Monteiro, 451 Mass. 1009 (2008).  He has also sought,
unsuccessfully, the appointment of counsel to assist with
various postconviction motions.  Most recently he filed, in the
county court, a "Petition to Invoke the Extraordinary Power of
the Supreme Judicial [Court] Pursuant to G. L. c. 211, § 3, and
G. L. c. 278, § 33E, to Answer the New and Substantial Question
Related to G. L. c. 278A, § 5."  A single justice denied the
petition, and Monteiro appeals.

    In December, 2013, Monteiro filed, in the trial court,
"Defendant's Pro Se Motion for Appointment of Counsel to Prepare
and File for Forensic and Scientific Analysis Pursuant to G. L.
c. 278A."  A judge referred the motion to the Committee for
Public Counsel Services (CPCS) for screening.  CPCS had
previously declined to appoint counsel to represent Monteiro in
connection with other postconviction efforts and declined again
to do so here.  The judge denied Monteiro's motion, as well as
his subsequent motion for reconsideration, and Monteiro then
filed his petition in the county court, asking the court to

order the judge to appoint counsel or, in the alternative, to grant him leave to appeal, pursuant to G. L. c. 278, § 33E, from the denial of the motion for appointment of counsel.

To the extent that Monteiro sought relief pursuant to G. L. c. 211, § 3, the single justice properly denied his petition on the basis that he has an adequate alternative remedy.  He can pursue, pro se, a motion for forensic or scientific analysis pursuant to G. L. c. 278A in the trial court.  If he does so, and he receives an adverse ruling, he would then be free to seek leave to appeal from that ruling, pursuant to G. L. c. 278, § 33E, including any claim that the trial court erred in denying his request for appointment of counsel.

Monteiro also had a second adequate alternative, which he pursued in the county court but which the single justice did not address:  seeking leave to appeal from the denial of the motion for appointment of counsel pursuant to the gatekeeper provision of G. L. c. 278, § 33E.  Monteiro seeks the appointment of counsel to assist him with a motion for forensic or scientific analysis pursuant to G. L. c. 278A.  That statute specifically provides, in § 5, that "[t]he court may assign or appoint counsel to represent [an indigent party] in the preparation and presentation of motions filed under this chapter" (emphasis added).  The language of G. L. c. 278A, § 5, mirrors that of Mass. R. Crim. P. 30 (c) (5), as appearing in 435 Mass. 1501 (2001), which provides that a judge may "assign or appoint counsel . . . to represent a defendant in the preparation and presentation of motions" for postconviction relief filed under that rule (emphasis added).[1]

When a defendant's motion for appointment of counsel made pursuant to rule 30 is denied, the defendant may appeal or, in the case of a defendant convicted of first degree murder, seek leave to appeal pursuant to the gatekeeper provision of G. L. c. 278, § 33E.  See, e.g., Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1002 (2012), cert. denied, 134 S. Ct. 185 (2013) (petitioner convicted of murder in first degree could have sought leave to appeal pursuant to G. L. c. 278, § 33E,

---

[1] A defendant can thus file a motion for appointment of counsel before filing the substantive motion with which he or she would like counsel's assistance -- i.e., before filing a motion for forensic or scientific testing pursuant to G. L. c. 278A or before filing a motion for postconviction relief pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001).  That is what Monteiro has done here.

from denial of appointment of counsel to assist with motion for new trial); Jordan v. Superior Court, 426 Mass. 1019, 1019 (1998) (petitioner could have appealed from denial of appointment of counsel to assist with motion to revise or revoke sentence). Alternatively, a defendant in these circumstances can pursue a motion for postconviction relief pro se and thereafter appeal from the denial of any such motion and challenge, at that time, the denial of counsel. See, e.g., Jordan, supra. The same is true for a defendant who seeks the appointment of counsel pursuant to G. L. c. 278A, § 5. Monteiro thus properly sought leave to appeal from the denial of his motion for appointment of counsel pursuant to the gatekeeper provision of G. L. c. 278, § 33E.

We therefore remand the case to the single justice for consideration of so much of Monteiro's request in the county court that sought leave to appeal pursuant to G. L. c. 278, § 33E, including his request that the single justice appoint counsel in connection with the application.[2]

So ordered.

The case was submitted on briefs.
Robert E. Monteiro, pro se.
Donna Jalbert Patalano, Assistant District Attorney, & Taylor M. Makson for the Commonwealth.

---

[2] We express no view on the timeliness of Monteiro's request for leave to appeal pursuant to G. L. c. 278, § 33E. See Mains v. Commonwealth, 433 Mass. 30, 36 n.10 (2000). We leave it to the single justice to resolve any questions regarding timeliness, including whether an extension of time would be warranted or appropriate.