NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11907

COMMONWEALTH  vs.  PAUL ROBINSON.


May 25, 2017.


Supreme Judicial Court, Superintendence of inferior courts.  Practice, Criminal, Capital case.


Along with a codefendant, Paul Robinson was convicted of two counts of murder in the first degree and two counts of assault with intent to rob in 1969.  After plenary review, this court affirmed the convictions.  Commonwealth v. McGrath, 358 Mass. 314 (1970), S.C., 408 Mass. 245 (1990) and 437 Mass. 1002, cert. denied, 537 U.S. 980 (2002).  Robinson has since filed several motions for a new trial, all of which have been denied.  After the denial of his most recent (seventh) such motion, Robinson sought leave to appeal pursuant to the gatekeeper provision of G. L. c. 278, § 33E.  A single justice of this court concluded that the motion failed to present a "new and substantial question" and therefore denied such leave.  Robinson filed a notice of appeal to the full court from the single justice's ruling, and the Commonwealth moved to dismiss.  Robinson asserted in opposition that his appeal ought to be permitted to proceed despite the longstanding rule that the decision of the gatekeeper is "final and unreviewable."  E.g., Commonwealth v. Vinnie, 475 Mass. 1011, 1011 (2016), and cases cited.  We gave Robinson an opportunity to explain the basis for his position in a preliminary statement of no more than five pages.  Robinson has responded with an eleven-page statement of issues, in which he argues essentially that the gatekeeper process leads to arbitrary results and, more particularly, that his appeal was not allowed to proceed whereas

other defendants' appeals were.[1]  This is merely a recasting of the equal protection challenge we rejected in Napolitano v. Attorney Gen., 432 Mass. 240, 241-242 (2000).  We reject it again here.  Robinson received plenary review of his convictions under § 33E on direct appeal, and he has offered no reason to suppose that his seventh motion for a new trial raised any new and substantial issue that was not or could not have been presented in any of the previous six.  There is no hint of arbitrariness in this case.  He also has not offered any reason to believe that the "single justice erred by denying [his] gatekeeper petition on procedural grounds."  Commonwealth v. Nassar, 454 Mass. 1008, 1009 n.2 (2009).  Finally, we reject Robinson's argument that § 33E does not bar an appeal from the decision of the gatekeeper.  "The special function of the single justice mandated by the statute would be futile and meaningless if his or her rulings were subject to appeal before the full court."  Commonwealth v. Companiono, 472 Mass. 1004, 1005 (2015), quoting Leaster v. Commonwealth, 385 Mass. 547, 548 (1982).  We see no reason to depart from our longstanding and well-established rule.  See Companiono, supra, and cases cited.[2]

Appeal dismissed.

The case was submitted on briefs.
David J. Nathanson for the defendant.
Teresa K. Anderson, Assistant District Attorney, for the Commonwealth.

---

[1] It appears that Robinson intended the memorandum to apply to both his own appeal and that of his codefendant, who similarly purports to appeal from a decision of the gatekeeper. See Commonwealth v. McGrath, 477 Mass.    (2017).  He incorrectly asserts that we issued identical orders to him and to his codefendant, affording each of them five pages.  In fact, we issued one order, to Robinson alone.

[2] Robinson's reliance on Commonwealth v. Grassie, 476 Mass. 202, 213-218 (2017), is misplaced.  That case involved a direct appeal from a conviction of murder in the second degree and from an order denying a motion to reduce the verdict, not a final and unreviewable decision of the gatekeeper pursuant to G. L. c. 278, § 33.