NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12417

COMMONWEALTH  vs.  RAYMOND COLON.


May 24, 2018.


Supreme Judicial Court, Superintendence of inferior
     courts. Practice, Criminal, Capital case.

     Raymond Colon purports to appeal from the judgment of a single justice of this court pursuant to the gatekeeper provision of G. L. c. 278, § 33E, denying leave to appeal from the denial of his fourth motion for a new trial on charges of murder in the first degree and other offenses.[1] The single justice also denied Colon's two ancillary motions to transfer his gatekeeper petition, either to the full court or to the Superior Court. The Commonwealth has moved to dismiss the purported appeal.[2] We agree that the appeal must be dismissed, as it is well established that the decision of the gatekeeper is final and unreviewable. See, e.g., Commonwealth v. Robinson, 477 Mass. 1008, 1008 (2017), cert. denied, 537 U.S. 980 (2018). In addition, in the circumstances of this case, there was no error or abuse of discretion in denying the ancillary motions. His ancillary motions had no "realistic potential for demonstrating the existence of a new and substantial question

_____

     [1] We affirmed Colon's convictions, as well as the denial of his first motion for a new trial, after plenary review in 2007. Commonwealth v. Colon, 449 Mass. 207, cert. denied, 552 U.S. 1079 (2007). Single justices of this court denied leave to appeal from the denial of Colon's second and third motions for a new trial.

     [2] Colon also filed what appears intended to be a memorandum and appendix pursuant to S.J.C. Rule 2:21. That rule is inapplicable here, as Colon is not seeking relief from any interlocutory ruling of the trial court.

appropriate for appeal," Parker v. Commonwealth, 448 Mass. 1021, 1023 (2007), quoting Fuller v. Commonwealth, 419 Mass. 1002, 1003 (1994), particularly as it appears that Colon raised the same claim in his fourth motion -- that the court room was improperly closed during jury selection -- as he did in a prior motion.  In sum, no appeal lies from the judgment of the single justice.

Appeal dismissed.


The case was submitted on briefs.

Raymond Colon, pro se.

Katherine E. McMahon, Assistant District Attorney, for the Commonwealth.