NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12263

COMMONWEALTH  vs.  ROBERT E. MONTEIRO.


April 25, 2019.


Practice, Criminal, Postconviction relief, Capital case.
    Committee for Public Counsel Services.


This case is before us on appeal from a single justice's denial of a motion filed by Robert E. Monteiro for the appointment of counsel in connection with a gatekeeper application that he had filed in the county court pursuant to G. L. c. 278, § 33E.  We affirm.

Monteiro was convicted of murder in the first degree and related charges in 1983, and this court affirmed the convictions after plenary review.  See Commonwealth v. Monteiro, 396 Mass. 123, 125 (1985).  Since then, he has filed several motions in the Superior Court for postconviction relief, as summarized by this court in Monteiro v. Commonwealth, 473 Mass. 1007, 1007 (2015).  In that decision, we directed a single justice of this court to consider (a) Monteiro's gatekeeper application for leave to appeal from the Superior Court's denial of his motion for the appointment of counsel to prepare and file a motion for forensic testing pursuant to G. L. c. 278A, and (b) his request to have counsel appointed for purposes of the G. L. c. 278, § 33E, application.  Id. at 1008.

On remand, the single justice denied Monteiro's gatekeeper application and also denied his request for the appointment of counsel.  Monteiro appealed.  The Commonwealth filed a motion to dismiss his appeal on the ground that the decision of the single justice on the gatekeeper application was final and unreviewable.  We allowed the appeal to go forward, but only on

the limited issue of the single justice's denial of Monteiro's ancillary motion for the appointment of counsel in connection with his G. L. c. 278, § 33E, application.  See Parker v. Commonwealth, 448 Mass. 1021, 1022 (2007); Fuller v. Commonwealth, 419 Mass. 1002, 1003 (1994).

A defendant does not have a constitutional right to appointed counsel in connection with a new trial motion or in connection with a G. L. c. 278, § 33E, gatekeeper application.  See Commonwealth v. Conceicao, 388 Mass. 255, 261 (1983).  See also Parker, 448 Mass. at 1023.  In these circumstances, "the decision whether to appoint counsel remains discretionary with the judge," and this court will review a decision declining to appoint counsel only for an abuse of discretion and to determine whether it "deprive[d] an indigent defendant of meaningful access [to postconviction review] . . . or result[ed] in fundamental unfairness."  Conceicao, supra at 262.

Here, Monteiro has failed to show that the single justice abused her discretion, or that the denial of appointed counsel deprived him of meaningful access to review of his gatekeeper application or resulted in any kind of unfairness.  The single justice properly considered, among other things, the fact that the Committee for Public Counsel Services had already screened Monteiro's case and had declined to provide him with representation in 2014, well after the 2012 effective date of G. L. c. 278A.  Moreover, the single justice, when acting on the gatekeeper application under G. L. c. 278, § 33E, was in a good position to assess whether the appointment of counsel might have added anything meaningful to the application.  The order denying Monteiro's motion for the appointment of counsel is affirmed.

So ordered.


The case was submitted on briefs.
Robert E. Monteiro, pro se.
Paul B. Linn, Assistant District Attorney, for the Commonwealth.