NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-102

L.C.

vs.

M.T.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, M.T., appeals from the order of a judge of the Boston Municipal Court, dated October 21, 2022, extending a harassment prevention order issued in favor of the plaintiff, L.C., pursuant to G. L. c. 258E, § 3.  Because we are satisfied that the evidence credited by the judge was sufficient to support the order, and because we discern no basis for the defendant's claim that the judge was biased in favor of the plaintiff, we affirm.

1.  Background.  After issuing an ex parte harassment prevention order in favor of the plaintiff and against the defendant, the judge scheduled a two-party extension hearing with notice to the defendant.  See G. L. c. 258E, § 3 (e).  On the hearing date, both parties appeared and testified; the

defendant was represented by counsel.  The plaintiff's testimony, which the judge explicitly credited, included her account of the defendant's making repeated telephone calls to her in which the "screaming" defendant threatened to come to the plaintiff's house, an incident in which the defendant initiated a verbal conflict in a supermarket then followed the plaintiff through the parking lot and blocked the plaintiff from getting to her car, the defendant's appearing in the area of the plaintiff's workplace and the defendant's driving her white car back and forth past the plaintiff's house.[1]  Although the defendant testified that none of her calls to the plaintiff were threatening,[2] disputed the characterization of the supermarket incident, testified that she was on the workplace property to conduct banking business unrelated to the plaintiff, and claimed to be unable to identify photos of the white car because they did not show the vehicle's license plates, the judge explicitly discredited the defendant's testimony.

2.  Discussion.  The defendant's brief lacks citation to the record or to legal precedent, and so does not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (9) (A),

_____

[1] The plaintiff testified that she videorecorded the car driving past her house.  At the hearing, the judge saw a still image of the white car taken from that recording.
[2] She testified that she called the plaintiff "in hopes that we could figure out the situation of possibly dating the same person."

as appearing in 481 Mass. 1628 (2019).  Likewise, the defendant

has not complied with the rules governing the content and format

of the record appendix.  See Mass. R. A. P. 18 (a) (1), as

appearing in 481 Mass. 1637 (2019).  These are serious missteps.

See Mass. R. A. P. 16 (a) (9) (A); Lynn v. Thompson, 435 Mass.

54, 56 n.4 (2001) ("[t]he requirement that a party provide 'an

appropriate and accurate record reference' for each and every

fact set forth in the brief . . . is not an idle technical

requirement"); Jordan v. Superior Court, 426 Mass. 1019, 1020

(1998) (litigants who rely on nonconforming papers "do so at

their peril").

Putting those deficiencies to one side, however, we are not

persuaded that the evidence credited by the judge failed to

support the extension of the ex parte harassment prevention

order.  When reviewing harassment prevention orders, "we

consider whether the judge could find, by a preponderance of the

evidence, together with all permissible inferences, that the

defendant had committed '[three] or more acts of willful and

malicious conduct aimed at a specific person committed with the

intent to cause fear, intimidation, abuse or damage to property

and that [did] in fact cause fear, intimidation, abuse or damage

to property'" (citation omitted).  Gassman v. Reason, 90 Mass.

App. Ct. 1, 7 (2016).  See G. L. c. 258E, § 1.

The record amply supports the judge's finding of three acts of harassment. The judge explicitly credited the plaintiff's testimony that the defendant repeatedly called her on the telephone "screaming" and threatening to come to her home.[3] We are satisfied that the judge could have found that these calls included "words . . . that -- taking into account the context in which they [arose] -- cause[d] the victim to fear such [imminent physical] harm," Van Liew v. Stansfield, 474 Mass. 31, 37 (2016), quoting O'Brien v. Borowski, 461 Mass. 415, 425 (2012), and so amounted to "true threats" for the purposes of G. L. c. 258E. See A.R. v. L.C., 93 Mass. App. Ct. 758, 760 (2018). See also A.S.R. v. A.K.A., 92 Mass. App. Ct. 270, 278 (2017), quoting Commonwealth v. Bigelow, 475 Mass. 554, 567 (2016) (whether particular speech qualifies as "a true threat is a matter to be decided by the trier of fact"). The same is true for the plaintiff's account of the incident at the supermarket in which the defendant yelled at her, followed her into the parking lot as she tried to leave, and blocked her access to her car.

The record likewise supported the judge's implicit determination that the defendant intended by these acts to put the plaintiff in fear and the judge's explicit finding, based on

---

[3] The plaintiff testified that the defendant made approximately ten such calls.

4

his acceptance of the plaintiff's testimony as true, that the plaintiff was placed in fear by the defendant's calls and other conduct. See A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015), quoting O'Brien, 461 Mass. at 426 n.8 ("In the determination whether the three acts 'did in fact cause fear, intimidation, abuse or damage to property,' it is 'the entire course of harassment, rather than each individual act, that must cause fear or intimidation'"). This evidence was sufficient under G. L. c. 258E to support the judge's order.

Finally, we are not persuaded by the defendant's claims of bias.[4] The hearing transcript reflects the judge's evenhanded management of the hearing process, and his consideration of the evidence presented by both sides. It was the judge's obligation to make determinations of credibility and although he was not required to detail the bases for those determinations, the judge did so in this case. The limited record before us does not establish any professional tie between the judge and the

---

[4] The claims were not raised in the trial court and so they are waived. Wilhelmina W. v. Uri U., 102 Mass. App. Ct. 634, 641 (2023). Although we need not consider them, we do so to clarify our view that the judge here did nothing to suggest that he was biased for or against either party in this case.

5

plaintiff.  We are satisfied that the judge's review was impartial and fair.

Extension order dated October 21, 2022, affirmed.

By the Court (Hand, Hershfang & Brennan, JJ.[5]),

Assistant Clerk

Entered:  January 23, 2024.

---

[5] The panelists are listed in order of seniority.