NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-67

COMMONWEALTH

vs.

EDUARDO RODRIGUEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2018, a Superior Court jury convicted the defendant of aggravated rape, kidnapping, indecent assault and battery, and unarmed robbery.[1]  In a subsequent jury-waived trial, the trial judge found the defendant guilty of being a subsequent offender with respect to the aggravated rape convictions.  In 2022, a panel of this court affirmed the defendant's convictions in an unpublished decision.  See Commonwealth v. Rodriguez, 101 Mass. App. Ct. 1113 (2022).  The self-represented defendant now appeals a Superior Court judge's orders denying his motions for postconviction discovery and appointment of postconviction counsel.  We affirm.

--------

[1] As a lesser included offense of armed robbery.

Discussion.  1.  Postconviction discovery.  In December 2024, the defendant filed a pro se motion seeking records, including from the Somerville Police Department,[2] of "any prior allegations of a sexual assault made by [the victim]."[3]  The defendant contends that the motion judge abused his discretion by denying the defendant's motion for postconviction discovery.  See Commonwealth v. Ware, 471 Mass. 85, 94-96 (2015).  We disagree.

"The purpose of postconviction discovery is to allow a defendant to gather evidence to support an apparently meritorious claim . . . [where] the evidence that can be adduced to support the claim is unknown to the court (quotation and citation omitted)."  Ware, 471 Mass. at 94.  "When requesting such discovery, a defendant by affidavit must make a sufficient showing that the discovery is reasonably likely to uncover evidence that might warrant granting a new trial" (quotation and citation omitted).  Id.

_____

[2] The defendant alleged in his motion that the victim had moved from Somerville to Boston, where the rape occurred.

[3] After trial, the defendant made a request under the State public records law, G. L. c. 66, § 10, to the Somerville Police Department "for any and all reports, investigations, and information pertaining to [the victim] or her prior allegations."  The Somerville Police Department responded that they could neither confirm nor deny the existence of such records without a court order.

Here, the defendant made no showing that records of prior sexual assaults alleged by the victim existed or were likely to warrant granting a new trial. The defendant's affidavit supporting the motion for discovery asserted only that there were "no other means" by which he could obtain the requested information. To the extent the defendant argued in his motion that an entry in a medical record from his trial demonstrated that the victim was sexually assaulted previously, we agree with the motion judge that, in context, "[the phrase] '[s]ubsequent encounter' has nothing to do with a prior accusation. It means that the physician who is examining the patient [was] not the medical professional providing acute care at the first encounter [with the victim]." Moreover, even if records of a prior allegation of sexual assault by the victim existed, they would not be discoverable or admissible at a new trial based on the defendant's motion. See Commonwealth v. Bohannon, 376 Mass. 90, 95 (1978) (requiring "factual basis from independent third-party records for concluding that prior allegations of rape had, in fact, been made and were, in fact, untrue").[4]

---

[4] The defendant's trial motions for similar records were allowed to the extent any prior claims by the victim were "false." Nevertheless, we note that the admissibility of prior false allegations pursuant to Bohannon, 376 Mass. at 95, is "[r]ooted in the misogynist belief that women are prone to lying about sexual assault." Commonwealth v. Mcfarlane, 493 Mass. 385, 397-398 (2024) (Cypher, J., concurring).

3

Where the defendant made no showing that the requested information existed -- at the Somerville Police department or anywhere else -- or that such information was likely to uncover relevant evidence, we conclude that his motion for posttrial discovery was an unjustified "fishing expedition." See Ware, 471 Mass. at 94. We therefore discern no abuse of his discretion in the judge's denial of the defendant's motion for postconviction discovery.

2. Postconviction counsel. Shortly after his request for posttrial discovery in December 2024, the defendant filed a pro se motion for appointment of counsel to litigate his motion for a new trial. The defendant asserts that it was error for the judge to deny his motion. "[A]n indigent defendant does not have an absolute right under any provision of the United States Constitution or the Massachusetts Declaration of Rights to appointed counsel in preparing or presenting his motion for a new trial." Commonwealth v. Conceicao, 388 Mass. 255, 261 (1983). We review the denial of a motion for counsel in connection with a new trial motion for abuse of discretion. See Commonwealth v. Monteiro, 482 Mass. 1007, 1007 (2019).

Here, the judge denied the defendant's motion because more than a year earlier the Committee for Public Counsel Services (CPCS) had declined to represent the defendant on the same motion for a new trial. In his order, the judge stated, "[t]he

4

Court will not refer the matter again . . . but the defendant can himself correspond with CPCS."  The defendant does not claim in this appeal that he made any further efforts to contact CPCS regarding representation.  On this record, we discern no abuse of discretion in the judge's denial of the defendant's motion for counsel.

Orders denying motions for postconviction discovery and appointment of counsel affirmed.

By the Court (Desmond, Hershfang & Brennan, JJ.[5]),

Clerk

Entered:  May 26, 2026.

---

[5] The panelists are listed in order of seniority.