NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1136

COMMONWEALTH

vs.

WILLIAM CURRY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On October 2, 1998, a jury found the defendant, William Curry,[1] guilty of one count of rape of a child in violation of G. L. c. 265, § 23, and one count of indecent assault and battery on a child under the age of fourteen in violation of G. L. c. 265, § 13B.[2]  The defendant appeals from the August 29, 2025 denial of his tenth motion for postconviction relief.  We affirm.[3]

---

[1] A self-represented litigant.

[2] A panel of this Court affirmed the defendant's convictions on direct appeal.  See Commonwealth v. Curry, 52 Mass. App. Ct. 1104 (2001).

[3] We do not address the defendant's contentions that (1) a police witness falsely claimed that the defendant confessed and attempted suicide, and (2) he is entitled to a new sentencing

Discussion.  We review a judge's decision on a postconviction motion for "a significant error of law or other abuse of discretion."  Commonwealth v. Forte, 469 Mass. 469, 488 (2014), citing Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

A motion for forensic or scientific analysis must include "information demonstrating that the analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case."  G. L. c. 278A, § 3 (b) (4).  Evidence that is "material" under G. L. c. 278A "means evidence that is of significance 'to the moving party's identification as the perpetrator of the crime in the underlying case'" (citation omitted).  Commonwealth v. Ramos, 490 Mass. 818, 825 (2022).

---

hearing because during the original hearing, the prosecutor referenced a previous charge for which the Commonwealth entered a nolle prosequi.  The apparent weaknesses of the defendant's contentions aside, these claims are waived because the defendant presents no explanation why he could not reasonably have raised these claims in his first postconviction motion.  See Commonwealth v. Chase, 433 Mass. 293, 297 (2001) ("A defendant generally may not raise any ground in a motion for a new trial that could have been, but was not, raised at trial or on direct appeal"); Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  See also Commonwealth v. Ford, 397 Mass. 298, 302 (1986) ("We will not substitute our view of a witness's credibility for that of the jury"); Commonwealth v. Keon K., 70 Mass. App. Ct. 568, 571 (2007) ("Nothing in the Federal or State Constitutions, the General Laws, or the rules of criminal procedure prohibits a judge from considering a defendant's entire record, including dismissals, for sentencing purposes").

The defendant contends that his request for a Fusion 6C STR analysis of two toothbrushes found at the scene of the rape "has the potential to result in evidence that is material to his false confession as the perpetrator to the crime."[4] Even if this claim had not been waived, we disagree with the defendant's contention.

The defendant in particular emphasizes the fact that the police collected hair from the toothbrushes but did not test the collected hairs nor any saliva found on the toothbrushes, and that the police examined the toothbrush for fingerprints and found none. The defendant, however, presents no theory by which a test finding another person's deoxyribonucleic acid (DNA) present on the toothbrushes would be of significance to his identification as the perpetrator. See Ramos, 490 Mass. at 825. The toothbrushes were found in a public location, and no party alleges that the toothbrushes were used in either crime for which the defendant was convicted. Even if there were no evidence tying the defendant to the toothbrushes, and DNA testing identified someone else as having used or handled them, at best that evidence would only establish that another person had come in contact with the toothbrushes -- innocuous items

_____

[4] As the motion judge noted, this claim is also waived because it could have been raised in any of his nine previous motions for a new trial. See Mass. R. Crim. P. 30 (b) (2).

that people use every day.  See Ramos, supra.  Accordingly, the defendant's motion failed to include information demonstrating that the requested analysis had the potential to result in evidence of significance to identifying the defendant as the perpetrator.  See G. L. c. 278A, § 7 (b) (4).

The defendant also contends that the judge should have appointed the defendant postconviction counsel.  See G. L. c. 278A, § 5 ("The court may assign or appoint counsel to represent a moving party who meets the definition of indigency under section 2 of chapter 211D in the preparation and presentation of motions filed under this chapter").  However, the appointment of postconviction counsel is at the discretion of the judge.  See Mains v. Commonwealth, 433 Mass. 30, 35 (2000).  See also Monteiro v. Commonwealth, 473 Mass. 1007, 1007 (2015) ("The language of G. L. c. 278A, § 5, mirrors that of Mass. R. Crim. P. 30 (c) (5)").  Considering the questionable merits of the defendant's motion, it was within the judge's

discretion to deny the defendant's motion for appointment of postconviction counsel.  See Mains, 433 Mass. at 35.

Order entered August 29, 2025, affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[5]),

Clerk

Entered:  June 16, 2026.

---

[5] The panelists are listed in order of seniority.