NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13403

COMMONWEALTH vs. SAM SMITH.

April 9, 2024.

Supreme Judicial Court, Appeal from order of single justice.
      Practice, Criminal, Capital case, Postconviction relief.


      The defendant, Sam Smith, stands convicted of murder in the
first degree. Currently before the court is the defendant's
purported appeal from the judgment of a single justice of this
court denying without a hearing his motion for reconsideration
of the denial of a gatekeeper petition pursuant to G. L. c. 278,
§ 33E. But the denial of a gatekeeper petition is final and
unreviewable. See Commonwealth v. Billingslea, 484 Mass. 606,
621 (2020). The defendant nevertheless argues that his case
falls outside this rule because a gatekeeper petition was
unnecessary in light of this court's decision in Commonwealth v.
Lee, 479 Mass. 558, 561 (2018). We disagree, and so we dismiss
this appeal.

      Background. The defendant was convicted by a jury in 2001
of murder in the first degree. During jury empanelment, the
Commonwealth challenged a prospective juror for cause on the
purported ground of a perceived transgender identity. Defense
counsel interpreted this as a challenge based on the prospective
juror's perceived homosexuality. When the prosecutor reiterated
that it was based on transgender identity, defense counsel said:
"[T]he Commonwealth all but just admitted a Batson[1] violation

_____

      [1] See Batson v. Kentucky, 476 U.S. 79, 89 (1986) ("the Equal
Protection Clause forbids the prosecutor to challenge potential
jurors solely on account of their race"); Commonwealth v.
Soares, 377 Mass. 461, 486, cert. denied, 444 U.S. 881 (1979),

right here," and again, "The Commonwealth has all but admitted a Batson violation . . . ." The original transcript of the proceeding incorrectly recorded these two statements as: "[T]he Commonwealth all but just admitted a challenge violation right here," and "The Commonwealth has all but admitted a violation . . . ."

The trial judge refused to strike the prospective juror for cause, and the Commonwealth exercised a peremptory challenge, at which point defense counsel stated, "I'd like to put on the record that I'm beginning to see a pattern on the basis of the Commonwealth [sic] with the exclusion of a homosexual, white male. So I want to put that on the record as well. . . . For the court's consideration."

In 2008, this court heard and decided the defendant's direct appeal and his appeal of the denial of his first motion for new trial. See Commonwealth v. Smith, 450 Mass. 395, 396, cert. denied, 555 U.S. 893 (2008). In that decision, the court considered at length the defendant's arguments that the Commonwealth violated art. 12 of the Massachusetts Declaration of Rights, as well as the equal protection clause of the Fourteenth Amendment to the United States Constitution, when it exercised a peremptory challenge on the basis of the prospective juror's perceived sexual orientation or transgender identity. See id. at 404-407. The court analyzed the record with specific reference to the rule of Commonwealth v. Soares, 377 Mass. 461, 486, cert. denied, 444 U.S. 881 (1979), overruled in part by Commonwealth v. Sanchez, 485 Mass. 491, 511 (2020). See Smith, supra at 405-407. It found that "defense counsel did not make an explicit objection to the challenge, and instead only 'put on the record' that she was 'beginning to see a pattern' of removing white male homosexuals." Id. at 406. The court concluded that "defense counsel neither objected to the prosecutor's challenge nor asserted that a pattern of improper exclusion actually had been established" and so did not "trigger an obligation on the judge's part to make a finding whether the presumption of propriety was rebutted." Id. Moreover, the court explained that "given the factual uncertainty in this case about what, if any, discrete 'grouping' the juror might fit into, it was not error" for the judge to fail to raise this issue sua sponte. Id. On this latter point, the court noted

overruled in part by Commonwealth v. Sanchez, 485 Mass. 491, 511 (2020) (holding art. 12 of the Massachusetts Declaration of Rights proscribes peremptory challenge based solely on prospective juror's membership in certain defined groups).

that the prosecutor and defense counsel disagreed about the basis for the challenge, and that apart from superficial observations about the prospective juror's appearance, the record supplied no more information as to whether the juror was homosexual or transgender. Id. at 405-406. The record therefore lacked clarity regarding "the juror's sex, transgendered status, and sexual orientation, as well as the motive or reason for the prosecutor's challenge." Id. at 407. In light of these deficiencies in the record, the court declined to decide at that time whether it would violate art. 12 or the equal protection clause to strike a juror on the basis of sexual orientation or transgender identity.[2] Id. at 405. In the end, the court affirmed the defendant's conviction and the order denying his motion for new trial. Id. at 410. The defendant moved for rehearing, and the motion was denied.

The defendant's appellate counsel represents that in 2011, the above-described error in the transcript was discovered. In the Superior Court, the defendant filed a "motion for collateral relief"[3] based on the error in the transcript. In ruling on the motion, the Superior Court judge found that trial counsel had made a timely and explicit Batson objection. Even so, she denied the motion because the issue was already addressed in this court's prior decision, and the change to the transcript did not affect the other factors in this court's analysis.

In March 2013, a single justice of this court denied the defendant's resulting first gatekeeper petition, brought pursuant to G. L. c. 278, § 33E. The single justice concluded

---

[2] In 2021, this court held "that a peremptory challenge based on a prospective juror's sexual orientation is prohibited by arts. 1 and 12 and the equal protection clause of the Fourteenth Amendment." Commonwealth v. Carter, 488 Mass. 191, 201 (2021). See Commonwealth v. Robertson, 480 Mass. 383, 395 (2018) ("where a juror's membership in a protected class is reasonably in dispute, trial judges, in performing the first step of the Batson-Soares analysis, ought to presume that the juror is a member of the protected class at issue"). In Carter, however, the court concluded as to a somewhat similar challenge that "there were insufficient facts in the record to reasonably establish [the prospective juror's] sexual orientation, and thus the defense did not satisfy its burden of production under the first step of the Batson-Soares inquiry with respect to that particular challenge." Carter, supra at 204.

[3] This motion was treated as a second motion for new trial.

that despite an explicit Batson objection, the issue was not new, having been previously analyzed by the full court, and further, that the change to the transcript affected only one factor in the full court's analysis.

Meanwhile, in the Superior Court, the defendant moved for a Batson hearing and then brought a third motion for collateral relief,[4] which "repeat[ed] the request." Both motions were denied by the Superior Court judge.

Following these decisions, the defendant filed a second gatekeeper petition raising the same issue, and in December 2014, a single justice of this court denied the petition. The single justice concluded that the issue was not new, having been addressed on direct appeal, in the defendant's motions for new trial, and in the first gatekeeper petition. Further, the single justice concluded that the issue was not substantial, given that the lack of clarity in the record did not support the necessity of a Batson hearing.

In May 2018, this court decided Lee, 479 Mass. at 561, upon which the defendant relies to support the April 2022 motion for reconsideration at issue here. In that motion, the defendant moved for reconsideration of the 2013 decision denying his first gatekeeper petition, in which he sought leave to appeal from the denial of his second motion for a new trial. In denying the motion for reconsideration, a different single justice (the single justice who denied the first gatekeeper petition having retired) concluded that the issue was neither new nor substantial, and he found that the discrepancy in the transcript had not prevented the full court from addressing this issue. The single justice further concluded that the motion was untimely. The defendant purports to appeal the denial of his motion on the ground that the transcript discrepancy deprived him of a review of his "whole case," as required by G. L. c. 278, § 33E. See Billingslea, 484 Mass. at 617.

Discussion. We do not review the single justice's determination that this issue was not "new and substantial," and for his part, the defendant does not purport to appeal that determination. See Billingslea, 484 Mass. at 621 ("The ruling of a single justice, acting as a gatekeeper, that the application does not present a new and substantial question is final and unreviewable by the full court"). Rather, we address the defendant's argument that he did not receive plenary review

---

[4] This motion was treated as a third motion for new trial.

and so was entitled to bypass the gatekeeper requirements of § 33E, including the prerequisite that a single justice determine that his appeal raises an issue that is "new and substantial." As noted supra, the defendant's argument is based on this court's decision in Lee, 479 Mass. at 561, which authorized the defendant in that case to bypass gatekeeper review under certain limited circumstances.

But Lee's conclusion does not apply here. On the contrary, permission to bypass the gatekeeper was expressly limited in Lee to "any issue that was not apparent from the transcript and could only be discovered from the audio recording of the proceedings." Lee, 479 Mass. at 561. Here, the issue was evident from the transcript. The differences relied on by the defendant between the erroneous and corrected transcripts are two specific references to Batson. Even without these corrections, however, it was plain that these statements referred to a potential violation under the Batson-Soares lines of cases, and indeed, this court analyzed the issue at length under those very rubrics. See Smith, 450 Mass. at 404-407.

In sum, this case presents "no reason to depart from our longstanding and well-established rule" that the decision of a gatekeeper pursuant to G. L. c. 278, § 33E, is final and unreviewable. See Commonwealth v. Robinson, 477 Mass. 1008, 1008-1009 (2017).[5]

Appeal dismissed.

The case was submitted on briefs.
Eva G. Jellison for the defendant.
Ian MacLean, Assistant District Attorney, for the Commonwealth.

---

[5] Consequently, we need not address the defendant's challenge to the single justice's determination that the motion was untimely.